CHEHARDY, Judge.
Plaintiff, John Johnson, appeals a trial court decision maintaining the peremptory exception of prescription filed by the defendant, Highlands Insurance Company, and dismissing the plaintiff’s suit at his costs.
Plaintiff’s petition, which was filed on April 23, 1980, alleged that on January 19, 1979, he was employed by the St. Bernard Parish Sewerage District and while in the course and scope of his employment, he was injured when a chlorine tank he was trying to open exploded, knocking him down and causing him to inhale chlorine gas.
Johnson’s petition further alleged that his employer was immediately aware of his injuries, that he is totally and permanently disabled as a result of those injuries, and that despite amicable demand the defendant refused to pay workmen’s compensation benefits due the plaintiff. Johnson’s petition further demanded past and future medical expenses and attorney fees.
At the hearing on the exception, defendant cited LSA-R.S. 23:1209, which states:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect *819 until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
Plaintiff argued in the district court, contrarily, that although, on the face of the petition, his course of action may be prescribed, if he were allowed to amend his petition to allege that he is only partially disabled and that he had received some payments from his employer after the accident, his cause of action would not be barred by prescription. The district court judge, however, denied the plaintiff’s request to amend his pleadings and maintained the exception.
This court is aware of the legal principle that when the objection raised by a peremptory exception may be cured by amendment, petitioners shall be granted an opportunity to amend. Aetna Finance Co. v. Antoine, 343 So.2d 1195 (La.App. 4th Cir. 1977); Sick v. Bendix-United Geophysical Corp., 341 So.2d 1308 (La.App. 1st Cir. 1976); LSA-C.C.P. art. 934.
In the instant case we do not have a situation falling within the intent of LSA-C.C.P. art. 934. Defendant properly asserted the peremptory exception of prescription based on allegations made in plaintiff’s petition for workmen’s compensation benefits. The petition on its face establishes that plaintiff’s action had prescribed. Plaintiff at trial presented no evidence to show an interruption of prescription. Medical payments were admitted by the defendant, but as referred to earlier, the only assertions of payments in lieu of compensation were made by plaintiff after the trial of this matter and are not properly before this court for consideration.
In Youngblood v. Belden Concrete Products, 349 So.2d 439 (La.App. 4th Cir. 1977), this court held that where benefits paid to an injured laborer would have been the same for total or partial disability, payments are presumed to have been made for partial disability and the three-year prescriptive period, rather than one year, was applicable to a claim for workmen’s compensation.
However, in the case of Sewell v. Argonaut-Southwest Ins. Co., 338 So.2d 1208 (La. App. 3d Cir. 1976), the court said when more than one year has elapsed between payment of the last compensation and institution of suit, plaintiff bears the burden of establishing that prescription had been interrupted and/or that defendant is estopped from urging such a plea.
In the present case, the plaintiff’s affidavit, alleging that after his January 18, 1979 injury he received “to or three payments” from his employer, was filed with the district court on July 31, 1980, two months after the May 30, 1980 trial on the exception. That affidavit, therefore, cannot be considered by this court on appeal. The record reveals absolutely no other evidence produced by the plaintiff at that hearing establishing that prescription had been interrupted.
In the case of Leger v. Delano Plantation, Inc., 350 So.2d 377 (La.App. 3d Cir. 1977), it was also noted that courts of appeal may not consider evidence which was not previously introduced in the trial court.
We therefore conclude that the district court judge was not in error in denying plaintiff’s request to amend his petition.
For the reasons assigned, the decision of the trial court is affirmed in all respects.
AFFIRMED.