499 So.2d 169 (1986)
Floyd COOK, Jr., Plaintiff-Appellant,
v.
CON-TRUX CONSTRUCTION COMPANY and The Ohio Casualty Group of Insurance Companies, Defendants-Appellees.
No. 18080-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
*170 Robert A. Lee, Monroe, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio by Thomas M. Hayes, III, Monroe, for defendants-appellees.
Before JASPER E. JONES, NORRIS and LINDSAY, JJ.
JASPER E. JONES, Judge.
This is an appeal of a trial court judgment sustaining a peremptory exception of prescription and dismissing with prejudice a suit for worker's compensation benefits. The plaintiff-appellant is Floyd Cook, Jr. The defendants-appellees are plaintiff's former employer, Con-Trux Construction Company, and its worker's compensation insurer, the Ohio Casualty Group of Insurance Companies.
We affirm.

FACTS
The plaintiff was injured on December 9, 1983, while working for the defendant employer. Following his injury plaintiff was unable to work and was paid compensation benefits until May 6, 1984. The plaintiff then filed a formal complaint with the Louisiana Department of Labor, Office of Worker's Compensation. The date of the filing is unknown but he received the recommendation of the office on June 27, 1984. By letter dated July 19, 1984, the plaintiff was informed the recommendation had been rejected by one of the parties and that any further action would have to be accomplished in accordance with LSA-R.S. 23:1311.[1] Suit for worker's compensation benefits was filed on July 5, 1985. The petition alleges the plaintiff suffered injuries to his back while working within the course and scope of his employment on December 9, 1983, that the injury has rendered him unable to do his work or find any other means of employment. He sought in his suit payment of benefits commencing retroactively on May 6, 1984. The defendants responded by filing a peremptory exception of prescription. At the hearing on the issue of prescription plaintiff acknowledged he received compensation through May 6, 1984. The defendants they asserted that the exception should be sustained as the suit was filed in excess of the 60-day limit of LSA-R.S. 23:1311, in excess of one year from the date the plaintiff last received payment of compensation benefits and beyond one year from the date of injury.
The plaintiff offered no evidence during the prescription hearing and the trial court sustained the plea of prescription. Plaintiff appeals. He argues in brief before this court that his suit was timely because it was filed within one year of the time he filed his claim with the worker's compensation office and within two years of the date of the accident. He further contends in brief that it was not until May of 1985 that a physician could be found to establish that the disability manifested itself first on April 30, 1985, and that the suit was filed less than one year from the latter date and within two years from the date of the accident. He concluded by arguing that the trial court should have permitted him to amend the petition to embrace these concepts.
The plaintiff's assignments of error present the following issues for decision:
(1) Does the filing of a formal complaint with the Office of Worker's Compensation *171 within a year of the last compensation payment result in the only prescription period thereafter being applicable to the claim being the suit must be filed within two years from the date of the accident?
(2) Did the trial court err in not permitting the introduction of a physician's report establishing the date the disability manifested itself?
(3) Was the trial court in error in not permitting amendment to the petition as authorized by LSA-C.C.P. art. 934?
Initially we note that the plaintiff has included with his appellate brief a physician's report not previously introduced in evidence in the trial court. We may not consider this evidence. Johnson v. Highland Ins. Co., 394 So.2d 818 (La.App. 4th Cir.1981).
* * * * * *
(1) Does the filing of a formal complaint with the Office of Worker's Compensation within a year of the last compensation payment cause the two year prescriptive period of LSA-R.S. 23:1209 to be the only prescription applicable to the claim?
LAW ON PRESCRIPTION IN WORKER'S COMPENSATION SUITS
"In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident." LSA-R.S. 23:1209. [emphasis added]

Is the two year prescriptive period applicable?
The record shows plaintiff's accident occurred on December 9, 1983, and the plaintiff last received benefit payments on May 6, 1984. A formal claim was filed with the Office of Worker's Compensation by June 27, 1984, and suit was filed on July 5, 1985.
The plaintiff contends that even though his suit has been filed more than one year after the last payment of benefits it was still timely filed because it was filed within two years after the accident. He contends the two year period becomes applicable under the provisions of LSA-R.S. 23:1209 because he has complied with the requirements of the statute in that he had filed his claim with the worker's compensation office within one year from the date of the last payment of compensation by the defendant. Plaintiff contends that once he had made this filing with the worker's compensation office the only prescription period then applicable to his claim is the requirement that all suits must be filed within two years of the date of the accident.
The two year period provided in the statute is intended solely to provide that compensable injuries which develop more than one year after the date of the accident but within two years from the date of the accident will not prescribe so long as proceedings to enforce a claim upon them have been commenced within one year from the date the injury developed and within a period of two years from the date of the accident. The two year period has no application to plaintiff's claim which developed immediately after the accident and upon which compensation benefits were paid through May 6, 1984. Lester v. Rebel *172 Crane and Service Co., 393 So.2d 674 (La. 1981).
The filing of a formal claim with the Office of Worker's Compensation within one year of receiving the last compensation payment does not trigger the two year prescriptive period of LSA-R.S. 23:1209. The filing of such a claim within one year after the accident or within one year after the last payment may result in the issuance of a certification notice which will form the basis upon which the calculation of other prescriptive periods may depend. LSA-R.S. 23:1311 provides that suit must be filed within sixty days from the receipt of a certificate of rejection issued by the Office of Worker's Compensation pursuant to LSA-R.S. 23:1310, or the period established by LSA-R.S. 23:1209, whichever occurs last. The only time the prescription periods contained in LSA-R.S. 23:1209 could be extended by the filing of a claim with the worker's compensation office would be where the circumstances were such that the sixty day time period elapsing following the receipt of the certification letter would result in part of the sixty day period extending beyond the end of a prescriptive period set forth in LSA-R.S. 23:1209. There are no such circumstances presented here that could justify the extension of the one year prescriptive period contained in LSA-R.S. 23:1209.
The certification letter was issued July 19, 1984, the last payment of compensation was made May 6, 1984, and the plaintiff had one year from the date of the last payment of compensation to institute his suit. The time period in LSA-R.S. 23:1209 governs because the prescription period provided under this statute expired long after the elapse of sixty days from the receipt of the certification letter. Under these circumstances the initial filing of the claim with the worker's compensation office had not the slightest effect upon the prescription periods nor did it in any way extend them. The plaintiff cites no authority for interpretating this statute to authorize a suit any time within two years of the date of the accident conditioned only upon the timely filing of a formal claim with the Office of Worker's Compensation. The fallacy of this position can be seen by examining its effect upon the legislative scheme.
The Workers Compensation Law initially requires the employee to participate in an informal resolution of the compensation claim with the Office of Worker's Compensation. The employee initiates this procedure by filing a formal claim at any time after the office has been notified of a death or an injury which results in excess of seven days lost time. LSA-R.S. 23:1310. The office then has thirty days to issue its recommendations for resolution. When one party gives notification that a recommendation has been rejected, the office shall issue to each party a certificate allowing further action on the claim in a court of law. LSA-R.S. 23:1310.1. The employee then has sixty days from receipt of the recommendation, or within the delays of LSA-R.S. 23:1209, whichever is later, to timely file suit. LSA-R.S. 23:1311 A.
Plaintiff's interpretation of this law would render meaningless the time delays in LSA-R.S. 23:1310.1 and 1311 and the subsequent one year prescriptive periods in LSA-R.S. 23:1209 as the filing of the formal complaint within one year of the last benefit payment would make applicable only the maximum two year limitation. The proper interpretation is to construe LSA-R.S. 23:1209 in pari materia with LSA-R.S. 23:1310 to require that the employee have one year from the date of the accident or from the date of the payment of the last compensation, to file a claim with the office in order to preserve the right to initiate the informal resolution effort and, if needed, the right to have a court of law decide the merits of the claim. In addition, a plaintiff may file a claim with the worker's compensation office on a late developing disability within one year from the date it manifested itself, subject to the limitation that it must be filed within two years from date of the accident. The prescription period thereafter controlling this late filed claim is contained in LSA-R.S. 23:1311 A.
*173 (2) Did the trial court err in not permitting the introduction of a physician's report establishing the date the disability manifested itself?
It is not necessary to address this issue as the record establishes that the plaintiff did not offer such evidence at the hearing on the exception.
(3) Was the trial court in error in not permitting amendment to the petition as authorized by LSA-C.C.P. art. 934?
The record shows the plaintiff offered no evidence at the hearing on the exception and the petition, on its face, asserts a claim which has prescribed.
The plaintiff argues that a medical report establishing the date of the manifestation of the disability was not available until approximately one month prior to the filing of the suit and that the claim has not prescribed.
We determine that the trial court did not err in refusing to allow the plaintiff to amend his petition. Although the Worker's Compensation Law is to be liberally construed in favor of the employee, claimant is required to prove the facts by a preponderance of evidence and with the same legal certainty as required in any other civil case. Peck v. TG & Y Stores Co., 451 So.2d 1327 (La.App. 1st Cir.1984). As this petition, on its face, asserts a prescribed claim, it is the plaintiff's obligation to offer evidence that the claim was filed timely. Kerr v. Jefferson Truck Lines, 389 So.2d 729 (La.App. 4th Cir.1980); LSA-C.C.P. art. 931.[2] The plaintiff had the opportunity to present such evidence at the hearing and failed to do so even though the alleged medical information was available. The trial court was not in error in refusing to give the plaintiff a second opportunity to correct his petition. Johnson v. Highland Ins. Co., supra; Kerr v. Jefferson Truck Lines, supra.

CONCLUSION
The judgment is affirmed. All costs of this appeal are assessed against the plaintiff.
NOTES
[1] § 1311. Period to file claim in court; place of filing in general; contents of petition

A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
. . . . .
[2] Art. 931. Evidence on trial of peremptory exception

On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.
When the peremptory exception is pleaded in the trial court after the trial of the case, but prior to a submission for a decision, the plaintiff may introduce evidence in opposition thereto, but the defendant may introduce no evidence except to rebut that offered by plaintiff.
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.