541 So.2d 1013 (1989)
James WILLIS, Plaintiff-Appellant,
v.
BACMANILA APARTMENTS, Defendant-Appellee.
No. 87-1393.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
Steven A. Chandler, Lafayette, for plaintiff-appellant.
Haik & Minvielle, Leon Minvielle, New Iberia, for defendant-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
FORET, Judge.
Plaintiff, James Willis, filed a worker's compensation suit against defendant, Bacmanila Apartments.[1] An exception of prescription, based upon plaintiff's failure to timely file a claim with the Office of Worker's Compensation, was filed by the defendant in these proceedings. The trial court sustained the exception, and plaintiff has appealed.
La.R.S. 23:1209 states, in pertinent part, as follows:
"§ 1209. Prescription; timeliness of filing; dismissal for want of prosecution
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the *1014 payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and 1 in this Chapter.
. . . .
Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
B. Any claim may be filed with the director, office of worker's compensation, by delivery or by mail addressed to the office of worker's compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim."
The cases interpreting this statute have held that an injury does not develop, so as to begin the running of prescription, until such time as it becomes "clear that the employee is no longer able to perform the duties of his employment in a satisfactory manner." Bernard v. Woodrow Wilson Const., Inc., 526 So.2d 1248, 1250 (La.App. 3 Cir.1988). Accordingly, the prescriptive period under R.S. 23:1209 could, in some instances, begin weeks or even months after the accident in question has taken place.
The trial court granted the exception of prescription based upon the defendant's assertion that a "formal claim" was not filed with the Office of Worker's Compensation within one year after the date of the alleged injury. However, it is interesting to note that the hearing on the defendant's exception of prescription consists only of oral argument submitted by attorneys for plaintiff and defendant, as well as a copy of the certificate of rejection issued by the Office of Worker's Compensation in reference to the claim filed by plaintiff.[2] No evidence was introduced at the hearing as to: (1) the date of the injury, (2) the date the claim was filed with the Office of Worker's Compensation, (3) whether or not plaintiff's disability developed immediately after the accident or sometime subsequent thereto. The lack of evidence in this regard is particularly disturbing in light of the conflicting assertions made by plaintiff and defendant (both in their pleadings and in brief) as to the date of the injury, as well as the date on which plaintiff became aware of his resulting disability. In the event plaintiff is correct in his contention (made in plaintiff's amended petition) that he did not become aware that his eyes were injured in the accident in question until mid-January of 1987, then clearly the defendant's exception of prescription is without merit. However, in the event the evidence indicates that the defendant is correct in its contention that plaintiff's injury and disability developed more than one year prior to the date on which a claim was mailed to the Office of Worker's Compensation, then defendant's exception of prescription should be sustained. In any event, because the record in these proceedings does not contain any competent, legal evidence as to these important factual issues, we have no way of determining, on appeal, the correctness of the trial court's decision to sustain the exception of prescription filed by defendant.
In Ford v. Hartford Ins. Co., 528 So.2d 770, 775 (La.App. 3 Cir.1988), we discussed the position of our courts with regard to remand in worker's compensation cases. Specifically, we stated that, "In the interest of justice and in view of the paternalistic aims of the Worker's Compensation Act, an appellate court may remand a compensation proceeding for the taking of further evidence ..." Furthermore, in Jamison v. Reese Variety Stores, Inc., 181 So. 2d 464, 465 (La.App. 2 Cir.1965), appeal *1015 after remand, 203 So.2d 859 (La.App. 2 Cir.1967), the court stated the following:
"Under the provisions of LSA-C.C.P. Art. 2164 this court is directed to render any judgment which is just, legal and proper upon the record of appeal. One of the official revision comments [note (c) ] interpretive of the article makes the comment that the above test is broad enough to permit remands. With full appreciation of the position taken by appellee that litigation should come to an end, we can only state that a strict application of the principle should be modified in the interest of affording to a litigant a full opportunity to present all available evidence which could affect a decision."
Therefore, in light of the above cited jurisprudence and considering the complete lack of evidence of record in these proceedings, we have no alternative but to remand this case to the trial court for a full evidentiary hearing on all pertinent factual and legal issues presented herein. In remanding this cause to the trial court, we should make note of an important principle of law applicable to the facts of this case: Counsel for plaintiff states in brief that plaintiff mailed a claim form to the Office of Worker's Compensation on June 1, 1987, but that it was returned because it lacked the claimant's signature and was not accompanied by a letter of representation. Although we find no cases dealing with the issue of whether or not an unsigned claim form filed with the Office of Worker's Compensation interrupts prescription under R.S. 23:1209, our courts have held that a petition filed in a worker's compensation action, not verified by the employee as required by statute, does interrupt prescription. Burandt v. Slicky's Pizza Parlor, 377 So.2d 905 (La.App. 4 Cir.1979), writ denied, 378 So.2d 1382 (La.1980). In this view, it is fair to say that a worker's compensation claim form unsigned by the employee, also interrupts prescription under R.S. 23:1209 as of the date of mailing. Therefore, if plaintiff can prove, in the manner provided for in Subsection B of R.S. 23:1209, that a claim form was mailed to the Office of Worker's Compensation on June 1, 1987, then prescription was interrupted on such date. We should also note that our position with regard to this legal issue is in keeping with the well established principle that the Worker's Compensation Statute is to be construed liberally in favor of the employee. See Cook v. Con-Trux Const. Co., 499 So.2d 169 (La.App. 2 Cir. 1986).
Considering the above and foregoing, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings consistent with our views hereinabove expressed. Costs of this appeal are to be paid by defendant-appellee, Bacmanila Apartments. Costs at the trial level shall await final disposition of this matter.
REVERSED AND REMANDED.
NOTES
[1] The correct legal name of the defendant, according to the answer filed by defendant and amended petition filed by plaintiff, is Bacmanila, Incorporated.
[2] An act of sale evidencing the ownership of the property in question by Bacmanila, Inc. is listed as an exhibit in these proceedings. However, a careful review of the record reveals that this document was never offered into evidence in these proceedings. In any event, the document has no bearing on the issues submitted for our consideration on appeal, and we merely point this out in order to clarify any misunderstanding that may exist in reference thereto.