FOGG, Judge.
In this worker’s compensation case, the issue raised on appeal is whether the Office of Worker’s Compensation Administration (OWCA) erred in sustaining defendants’ peremptory exception raising the objection of prescription and in dismissing Roger Cousins’ claim for worker’s compensation benefits. We reverse.
On November 6, 1989, OWCA received a document entitled “Claim Data” from Roger Cousins. Therein, Cousins sought to recover worker’s compensation benefits because of an injury he allegedly suffered while employed by Four Star Homes, Inc. (Four Star) in November of 1988.
*1032 In August of 1990, Roger Cousins sent to OWCA a Disputed Claim For Compensation and a Claim Data Form, concerning the November 1988 incident. These two forms had been provided to Cousins by OWCA. Shortly thereafter, OWCA notified Four Star and their insurer that they were being sued. The defendants responded by filing a peremptory exception raising the objection of prescription. The hearing officer sustained the exception and dismissed Cousins’ claim with prejudice. Cousins appeals that judgment.
The prescriptive period for worker’s compensation actions is contained in La.R.S. 23:1209 which provides, in pertinent part, as follows:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed ...
Prior to January 1, 1990, the initial filing of a claim with OWCA was governed by La.R.S. 23:131o.[1] At all pertinent times, that legislation, which has since been amended, read as follows:
A. If, at any time after notification to the office of the occurrence of death or injury resulting in excess of seven days lost time, a bona fide dispute occurs, the employee or his dependent or the employer or insurer may file a claim with the office on a form to be provided by the director.
B. In addition to any other information required by the director, the claim shall set forth the time, place, nature, and cause of the injury, the benefit in dispute, and the employee’s actual earnings, if any, at the time of the filing of the claim with the office.
Pursuant to this legislation, OWCA provided a Disputed Claim For Compensation Form and a Claims Data Form to persons seeking to make a claim for worker’s compensation benefits.
In sustaining the objection of prescription, the hearing officer found that the claim form received by OWCA on November 6, 1989, did not constitute the initiation of a claim and, therefore, did not interrupt prescription.
The document filed by Cousins on November 6, 1989 contained the time, place, nature, and cause of the injury, and the benefit in dispute as required by La.R.S. 23:1310(B). It was identical in substance to the Claim Data Form provided to potential claimants by OWCA. It was also virtually identical in format to OWCA’s Claim Data Form. It contained all the information requested in the Disputed Claim For Compensation Form except the address of the employer, claimant’s last four pay stubs before he was injured and claimant’s opinion as to the amount of benefits due him. We note that Cousins did not provide OWCA with copies of his last four pay stubs before he was injured when he filed his Disputed Claim For Compensation Form in August of 1990.
After comparing the requirements of La. R.S. 23:1310(B) and the information sought by the forms provided by OWCA with the degree to which claimant’s claim data form complies with these requirements, we find that claimant’s claim data form does constitute a claim filed within the statutory language. Cf. Willis v. Bacmanila Apartments, 541 So.2d 1013 (La.App. 3d Cir.1989) (which held that a worker’s compensation claim form unsigned by the employee interrupts prescription under La.R.S. 23:1209 as of the date of mailing). Therefore, the hearing officer erred in sustaining the objection of prescription and in dismissing claimant’s claim for benefits. Pursuant to La.R.S. 49:964(G)(1), we will reverse the decision of the agency and remand the case for further proceedings.
*1033 Plaintiff also contends that the hearing officer erred in not awarding him penalties and attorney’s fees. We will not address this issue as it is properly before the agency on the remand of this case.
For the above and foregoing reasons, the judgment of the agency is reversed, and the case is remanded to the Office of Worker’s Compensation Administration for further proceedings consistent with the above opinion. The costs of this appeal are assessed against the defendants.
REVERSED AND REMANDED.

. In sustaining the objection of prescription, the hearing officer cited La.R.S. 23:1310.3(A), which provides for the initiation of claims. That legislation, however, was added by Acts 1988, No. 938, § 2, the effective date of which was January 1, 1990, approximately seven weeks after claimant sent his claim data form to OWCA in November of 1989. Therefore, the hearing officer’s reliance on this legislation is misplaced.