GOTHARD, Judge.
Plaintiff, Sharon Ecroyd, appeals a judgment rendered in Division Six of the Office of Worker’s Compensation which maintained an exception of prescription filed by defendant in response to her claim for compensation benefits. We affirm.
On January 18, 1990 plaintiff filed a disputed claim for compensation form with the Office of Worker’s Compensation. In that pleading, which was dated and signed on January 12, 1990, plaintiff asserts she injured her right hip when she attempted to lift a large box of meat at the place of her employment. The accident occurred on October 30, 1988. Plaintiff received compensation benefits from November 15, 1988 through January 5, 1989.[1]
According to documents contained in the record, plaintiff was released from medical care to return to work on January 5, 1989 and, in fact, did return. She was laid off by her employer about three weeks later and received unemployment benefits for about six months. She then filed this action for worker’s compensation.
On June 1, 1990 the Hearing Officer of District Six rendered a preliminary judgment in favor of plaintiff ordering the defendant to pay weekly worker’s compensation benefits. The preliminary judgment was rendered based on the failure of defendant, River Bend Lanes, to answer the petition. On June 11, 1990 defendant filed a Petition to Annul the Preliminary Judgment and a Motion to Vacate the Judgment. Both pleadings asserted that defendant had timely answered the petition. Finding defendant’s argument meritorious, the court vacated and annulled the preliminary judgment on June 12, 1990.
On November 27,1991 defendant filed an exception of prescription. The exception was maintained on February 18, 1992. Plaintiff filed this appeal challenging that decision.
In defense of the exception of prescription defendant argues that the claim for compensation was untimely filed pursuant to LSA-R.S. 23:1209 A which provides in pertinent part:
Prescription; timeliness of filing; dismissal for want of prosecution
A. In case of personal injury, including death resulting therefrom, all claims for parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this *345 Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in eases of benefits payable pursuant to ' R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
(Footnote omitted)
Documentary evidence contained in the record reveals that plaintiffs last compensation check in the amount of $218.00 was issued on January 5, 1989 and endorsed by plaintiff on January 10, 1989. The claim for compensation was signed by her on January 12, 1990 and filed with the Office of Worker’s Compensation Administration on January 18, 1990. Once, as in the instant case, a defendant makes a pri-ma facie showing that plaintiff’s claims have prescribed the burden of proof shifts to the plaintiff to show a suspension or interruption of prescription. Crosby v. Keys, 590 So.2d 601 (La.App. 3 Cir.1991), writ den., 593 So.2d 373 (La.1992).
Plaintiff asserts an interruption of the one year prescriptive period. She states that a claim form was timely filed but returned because it was unsigned by the claimant. In support of her position plaintiff cites, Willis v. Bacmanila Apartments, 541 So.2d 1013 (La.App. 3 Cir.1989). In that case, it was held that the filing of an unsigned, timely claim form interrupts prescription as of the date of mailing to the Office of Worker’s Compensation. However, the holding also explains that the plaintiff must prove, in the manner provided for in Subsection B of R.S. 23:1209, that a claim form was mailed to the Office of Worker’s Compensation. That provision states:
B. Any claim may be filed with the director, office of worker’s compensation, by delivery or by mail addressed to the office of worker’s compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof (Emphasis added)
There has been no such proof offered in the instant case. Plaintiff only presented the affidavit of her counsel that the form was timely filed, but returned.[2] Further, we do not agree with plaintiff’s assertion that the matter should be remanded to the trial court to afford plaintiff the opportunity to present such evidence. Plaintiff argued the interruption of prescription issue in her memorandum in opposition to the exception citing Willis v. Bacmanila Apartments, supra. At the hearing on the exception of prescription neither plaintiff nor her counsel appeared to offer further evidence to support the interruption argument, although the record reflects proper service. Thus, the only evidence contained in the record is the affidavit of plaintiff’s counsel. That alone is not sufficient to meet the requirements of LSA-R.S. 23:1209 B.
For the foregoing reasons the decision of the trial court is affirmed.

AFFIRMED.

. In her compensation claim form plaintiff incorrectly states that compensation benefits were terminated on January 14, 1989.

. . Appellant has attached additional documents to his reply brief which cannot be considered in our review. A Court of Appeal cannot examine evidence that is not properly in the record. Britton v. Morton Thiokol, Inc., 604 So.2d 130 (La.App. 2nd Cir.1992).