|!YELVERTON, Judge.
This worker’s compensation case presents the issue of whether an incomplete claim form mailed to the Office of Worker’s Compensation (the Office) is sufficient to interrupt prescription. The hearing officer granted the exception of prescription filed by the Iberia Parish School Board and Alexsis Risk Management ^Service. The former employee-claimant, Larry Lewis, appealed this judgment. We reverse.
While employed with the School Board, Lewis was pulling some chairs and hurt his back and right leg on January 14, 1991. He was paid temporary total disability benefits starting January 14, 1991. The last payment was dated February 24, 1992. No further *774 payments were made after the payment dated February 24, 1992. Although the payment check itself was dated February 24, 1992, it denoted payment through March 4, 1992.
A claim form was mailed to the Office and received by it on March 3, 1993. However, the Office sent a letter back to Lewis notifying him that the claim form he had mailed was incomplete because it was missing information on how the accident occurred, the time, and the day. He was advised to attach the letter to the missing items and mail them back to the Office within the next seven days.
In September 1994, Lewis mailed another claim form along with medical bills and check stubs to the Office. The School Board and Alexsis, the administrator of its worker’s compensation claims, filed an exception of prescription which was granted. Lewis appealed.
Lewis claims that the claim form filed March 3, 1992, even though it was missing some information, interrupted the one-year prescriptive period. Where there have been payments of temporary total disability benefits, La.R.S. 23:1209 provides that the one year limitation on filing a formal claim shall not take effect until the expiration of one year from the time of making the last payment of benefits. ^Section 1209 requires that a “formal claim” be filed with the Office. La.R.S. 23:1310.3(A) provides:
A. A claim for benefits, the controversion of entitlement to benefits, or other relief under the Worker’s Compensation Act shall be initiated by the filing of the appropriate form with the office of worker’s compensation administration. Mailing the form constitutes the initiation of a claim under R.S. 23:1209.
In this ease the appropriate form, a 1008 claim form, was filed with the Office. The form was completed in most respects and recited the date of the accident and a partial description of how it happened together with a statement that the injury was to the back. It was lacking only in the required details of how the accident happened and the time of day. We find that the claim form was substantially complete, lacking only a detailed explanation of how the accident occurred and the time of day that it occurred.
In Willis v. Bacmanila Apartments, 541 So.2d 1013 (La.App. 3 Cir.1989), this court held that a worker’s compensation claim form unsigned by the claimant interrupted prescription as of the date of mailing to the Office. In consideration of the fact that worker’s compensation statutes are to be liberally construed in favor of the claimant, we find that the filing of a claim form that is substantially complete and that would put a defendant on notice as to the basic facts meets the requirements of a formal claim sufficient to interrupt prescription pursuant to La.R.S. 23:1209.
This is not to say that the internal rule of the Office of Worker’s Compensation, requiring completion of Form 1008 as a prerequisite to consideration of the claim, is not enforceable. For failure to comply with the rule, the claimant will suffer delay in the consideration of his claim. However, the Office cannot refuse to |4accept for filing a claim form which is substantially complete for notice purposes, if the result is the loss of the claim by prescription.
The claim form was filed on March 3,1993. With their exception of prescription the defendants filed the affidavit of Rob Golus, the insurance adjustor for Alexsis Risk Management handling the claim. His affidavit ended with the statement that “no worker’s compensation weekly indemnity benefits have been paid to or on behalf of Larry Lewis since February 24,1992 paying Larry Lewis through March 4, 1992....” (italics supplied) The last payment of benefits having been made on March 4, 1992, the claim filed on March 3, 1993, was not prescribed.
The judgment of the Office of Worker’s Compensation granting the exception of prescription is reversed. This case is remanded for further proceedings.
REVERSED AND REMANDED.