843 So.2d 531 (2003)
John Melvin MITCHELL
v.
TERREBONNE PARISH SCHOOL BOARD and Gulf Coast Risk Services.
No. 2002 CA 1021.
Court of Appeal of Louisiana, First Circuit.
April 2, 2003.
Carlton J. Cheramie, Cut Off, Counsel for Plaintiff/Appellant John Melvin Mitchell.
Bernard F. Levy, Houma, Counsel for Defendant/Appellee Terrebonne Parish School Board.
Before: KUHN, DOWNING and GAIDRY, JJ.
GAIDRY, J.
This matter comes to us on appeal from a final judgment of the Office of Workers' Compensation, District 9, sustaining a peremptory exception raising the objection of prescription and dismissing the workers' compensation claim of John Melvin Mitchell, an employee of the defendant, the Terrebonne Parish School Board (the School *532 Board). For the reasons expressed below, the judgment of the workers' compensation judge must be affirmed.

FACTUAL AND PROCEDURAL HISTORY
The plaintiff, John Melvin Mitchell, was employed by the School Board as a maintenance worker. He was injured while in the course and scope of his employment on or about March 31, 2000, when struck in the face by a falling piece of lumber dislodged by a co-employee from a building being demolished.[1] Mr. Mitchell was subsequently paid temporary total disability compensation benefits from May 22, 2000, through July 31, 2000, the last such payment being made by check on August 1, 2000. A disputed claim for compensation was instituted by Mr. Mitchell on September 14, 2001. On November 13, 2001, Mr. Mitchell was admitted to Terrebonne General Medical Center and underwent a cervical discectomy and fusion. The School Board waived citation and accepted service of the disputed claim on January 3, 2002, and on January 7, 2002, filed a peremptory exception raising the objection of prescription.
The School Board's exception was heard on February 7, 2002. No testimony was offered by either party. The School Board introduced into evidence the affidavit of the third-party administrator of its compensation program, relating to the benefits paid through July 31, 2000, a medical excuse from the treating neurosurgeon dated January, 15, 2002, and the operative report and hospital admission form relating to the admission and surgery of November 13, 2001. No evidence of any kind was introduced by Mr. Mitchell, nor did he move to leave the record open for the receipt of evidence after the hearing. The workers' compensation judge granted the parties leave to submit post-hearing memoranda within seven days of the hearing date. On February 14, 2002, Mr. Mitchell submitted his memorandum, with copies of his treating neurosurgeon's office notes, the operative report, and the hospital admission summary attached as exhibits.[2] On February 28, 2002, the workers' compensation judge rendered judgment sustaining the exception and dismissing Mr. Mitchell's compensation claim with prejudice.
From that judgment, Mr. Mitchell has taken the present appeal.

ASSIGNMENT OF ERROR
Mr. Mitchell assigns as error the workers' compensation judge's alleged failure to consider the "developing injury" concept embodied in La. R.S. 23:1209 in determining whether his claim for compensation had prescribed.

STANDARD OF REVIEW
In a workers' compensation case, as in other civil cases, the appellate court's review of factual findings is governed by the manifest error or clearly wrong standard. Smith v. Louisiana Department of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129, 132. In order to reverse a factual determination by the trier of fact, the appellate court must apply a two-part test: (1) The appellate court must find *533 that a reasonable factual basis does not exist in the record for the finding; and (2) The appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart v. State through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).

DISCUSSION
Louisiana Revised Statutes 23:1209(A) provides that in the absence of agreement, a claim for workers' compensation weekly benefits for temporary total disability is prescribed unless a formal claim is filed within one year of the accident, or, if such payments have been made, within one year of the last payment. However, the statute also provides an exception in the case of a "developing injury," or one which does not develop or manifest itself immediately after the accident, whereby the prescriptive period does not end until one year from the date the injury develops, and in no event later than two years from the accident date. In the case of medical benefits, La. R.S. 23:1209(C) provides that absent agreement, such a claim prescribes one year from the accident unless a formal claim is filed within that time, or, if medical benefits have been paid, such a claim prescribes three years from the last such payment.[3]
Louisiana Revised Statutes 23:1310.5(A)(1) provides that "all the evidence pertaining to each case ... shall be heard by the hearing officer initially assigned to the case," and that "[u]pon the completion of such hearing ..., the hearing officer shall make such order, decision or award as is proper, just, and equitable in the matter." Louisiana Revised Statutes 23:1317(A) provides that, in hearing "the evidence that may be presented by each party," the workers' compensation judge or hearing officer "shall not be bound by technical rules of evidence or procedure ..., but all findings of fact must be based upon competent evidence." (Our emphasis.)
Louisiana Code of Civil Procedure Article 931 provides that at the hearing of a peremptory exception, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." (Our emphasis.) Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and those alleged facts are accepted as true. Tranum v. Hebert, 581 So.2d 1023, 1026 (La.App. 1st Cir.1991).
Here, the plaintiff's disputed claim form, filed on September 14, 2001, sets forth allegations that Mr. Mitchell was injured March 31, 2000, while working at Bayou Black Elementary School, that he was provided medical attention by a number of named physicians, that no medical treatment was authorized by the employer, and that surgery recommended by his treating neurosurgeon was not authorized. On its face, his claim was prescribed. When a workers' compensation claim is prescribed on its face, the burden is upon the claimant to show that the running of prescription was suspended or interrupted in some manner. Jonise v. Bologna Brothers, 01-3230, p. 6 (La.6/21/02), 820 So.2d 460, 464. Thus, the burden of proof shifted to Mr. Mitchell to establish that his claim was not prescribed.
The School Board's evidence demonstrated that Mr. Mitchell last received weekly indemnity benefits on August 1, 2000. No testimony or exhibits were offered into evidence by Mr. Mitchell in opposition to that evidence, or relating to any payment of medical benefits or the *534 date of onset of disability to perform his employment duties. Under the particular facts and procedural posture of this case, the workers' compensation judge could not properly consider Mr. Mitchell's post-hearing memorandum of law and the medical reports attached to it as competent evidence of the development of disability after August 1, 2000, since the reports were not actually introduced into evidence. Even though evidence which might be inadmissible in a normal civil proceeding may be considered "competent evidence" in a workers' compensation proceeding, such evidence must still be properly "presented" or admitted in order to be considered and to form part of the record. Wynder v. Royal Ford Lincoln Mercury, Inc., 98-616, pp. 7-8 (La.App. 3rd Cir.10/28/98), 721 So.2d 1001, 1005. In the case cited, the court held that depositions attached to the plaintiff's motion for new trial after summary judgment but not admitted into evidence at the summary judgment hearing could not properly be considered by either the workers' compensation judge or the appellate court. See also Tranum, 581 So.2d at 1026 (memoranda and attached exhibits filed in the trial court but not introduced into evidence were not part of the appeal record and could not be considered).
Louisiana Code of Civil Procedure Article 934 provides as follows:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
In the context of an objection of prescription, the jurisprudence has interpreted the foregoing provisions to mean that where a plaintiff's compensation claim is prescribed on its face, and the plaintiff has the opportunity but fails to offer any evidence at the hearing of a peremptory exception that his claim was filed timely, he has failed to adequately establish that amendment of his claim might remove the grounds of the objection. Comardelle v. Jeandron Chevrolet, Inc., 449 So.2d 601, 605 (La.App.1st Cir.1984); Cook v. Con-Trux Construction Company, 499 So.2d 169, 173 (La.App. 2nd Cir.1986); Johnson v. Highlands Insurance Company, 394 So.2d 818, 819 (La.App. 4th Cir.1981).[4] Accordingly, the judgment sustaining the exception was proper and should not have afforded Mr. Mitchell the opportunity to amend his claim under La. C.C.P. art. 934.
Because Mr. Mitchell did not meet his burden of showing that the applicable prescriptive periods were interrupted, we must conclude that the workers' compensation judge did not err in determining that his claim was prescribed and in dismissing it. See Blanchard v. Tulane Medical Center, 97-1111 (La.App. 5th Cir.3/11/98), 708 So.2d 1232. Accordingly, the judgment sustaining the School Board's peremptory exception is affirmed.
AFFIRMED.
KUHN, J., dissents in part and assigns reasons.
*535 KUHN, Judge, dissenting in part.
The majority correctly affirms the trial court's ruling sustaining the exception of prescription. However, that conclusion does not require dismissal of Mr. Mitchell's claim at this stage in the proceedings. Based on the allegations set forth in Mr. Mitchell's opposition memo, it appears that Mr. Mitchell may be able to amend his disputed claim form to set forth a claim based on the concept of a "developing injury." La. R.S. 23:1209(A). Accordingly, Mr. Mitchell should be afforded the opportunity to amend his disputed claim form. La. C.C.P. art. 934; Whitnell v. Menville, 540 So.2d 304, 309 (La.1989); Boudreaux v. Angelo Iafrate Construction, 02-0992 (La.App. 1st Cir.2/14/03) ___ So.2d ___, 2003 WL 343178; Freeman, Gyer, Hemelt & Associates v. Estate of McKnight, 578 So.2d 996 (La.App. 4th Cir.1991).
Accordingly, I dissent from that portion of the majority opinion which affirms the dismissal of Mr. Mitchell's compensation claim.
NOTES
[1] The actual date of injury is disputed. The disputed claim for compensation form initially filed listed the date as March 31, 2000. In the parties' post-hearing memoranda, however, the date was given as March 29, 2000. In the briefs to this court, Mr. Mitchell again asserted the date as March 29, 2000, while the School Board used the original date of March 31, 2000. This minor discrepancy does not affect the basis of this opinion, however.
[2] The School Board's memorandum in support of its exception was filed on February 6, 2002, the day prior to the hearing.
[3] Louisiana Revised Statutes 23:1209(C), unlike 23:1209(A), does not provide for the "developing injury" exception to the commencement of prescription.
[4] Cf. Boudreaux v. Angelo Iafrate Construction, 02-0992 (La.App. 1st Cir.2/14/03), ___ So.2d ___, 2003 WL 343178. (Where the plaintiff affirmatively alleged in his disputed claim form that injury resulting from accident did not manifest itself until almost fifteen months later, but did not introduce evidence supporting the developing injury doctrine at the hearing on a peremptory exception of prescription, the judgment sustaining the exception as to indemnity benefits but not affording the plaintiff the opportunity to amend his claim to provide more specific facts regarding the development of disability would be reversed and the case remanded to afford him that opportunity, pursuant to La. C.C.P. art. 934.)