JOHNSON, J.
In this claim for workers' compensation, Claimant appeals the judgment of the workers' compensation judge sustaining Defendant's exception of prescription as to indemnity benefits. For the following reasons, we affirm.
FACTS & PROCEDURAL HISTORY
Claimant, Tramaine Eugene-Robinson, filed a 1008 Disputed Claim for Compensation on December 27, 2016, alleging she sustained a work-related injury on November 21, 2014 while employed as an EMT for East Jefferson General Hospital (EJGH). She claimed she injured her back and knees when a stretcher on which she was transporting a patient malfunctioned, causing her to drop the patient. Claimant asserted EJGH had paid no wage benefits, specifically supplemental earnings benefits (SEBs), as a result of the accident. On March 9, 2017, Claimant amended her disputed claim to assert that her injury was a "developmental injury." She also removed specific reference to the non-payment of SEBs, leaving a general claim that no wage benefits had been paid. EJGH answered the disputed claim and admitted Claimant sustained a work-related injury in the course of her employment with EJGH, but denied that her injury was of a developmental nature.
*96 EJGH subsequently filed an exception of prescription on May 5, 2017, asserting Claimant's claim for workers' compensation benefits was prescribed because she failed to file her disputed claim within one year of the date of the accident or within one year of the development of the injury. In support of its exception, EJGH attached various exhibits, including three office visit medical reports pertaining to Claimant's treatment for her injuries and documentation showing that Claimant resigned from her job on August 10, 2015 due to health reasons. The resignation documentation indicates that Claimant gave written notice of her resignation stating that "due to medical reasons, no longer able to perform her full duties."
The office visit medical reports showed that Claimant was examined by Dr. Douglas Swift at the East Jefferson Occupational Medicine Clinic on the date of the accident, November 21, 2014, and placed on light duty work status for a knee contusion, lumbar sprain /strain, and lumbar disc displacement. Claimant was specifically advised to avoid lifting/pushing/pulling more than 10 lbs. Thereafter, on December 5, 2014, Claimant was again seen by Dr. Swift. The office visit medical report on that date indicated Claimant's status was "Out of Work as of: 12/5/2014." She was prescribed medication and given a return appointment for December 8, 2014. On her return appointment, Dr. Swift noted that Claimant was disabled from December 5th through December 8th, and he placed her on light duty work status effective December 9th with instructions she was only to perform desk work. He further referred her to an orthopedist.
Claimant opposed the exception of prescription and attached several medical records as exhibits to her opposition memorandum, including an MRI and arthrogram of her right hip performed on February 17, 2017 that indicated a labral tear of the right hip; a February 24, 2017 medical report from nurse practitioner Rachael Sood at Southern Orthopaedic Specialists stating that Claimant could not work until being treated for the labral tear to her right hip; a March 9, 2017 medical report from Dr. Chad Millet at Southern Orthopaedic Specialists recommending right hip surgery ; and a medical note indicating surgery was scheduled for May 3, 2017.
A hearing on the exception of prescription was held on June 2, 2017, during which no testimony or evidence was offered. The parties simply presented their arguments to the court and relied on the exhibits attached to the exception and opposition memorandum.[1] The workers' compensation *97 judge took the matter under advisement and rendered a judgment on June 13, 2017 sustaining EJGH's exception of prescription, specifically finding that Claimant's claim for indemnity benefits had prescribed. The trial judge issued reasons for judgment explaining that Claimant was first on notice of her disability when she was restricted from work from December 5-9, 2014, and again in August 2105 when she resigned from her employment with EJGH on the basis she was no longer able to perform her full duties. As such, the trial judge reasoned that Claimant's 1008 Disputed Claim for Compensation filed in December 2016 was untimely.
ISSUE
On appeal, Claimant argues the workers' compensation judge erred in finding that her claim for temporary total disability (TTD) benefits had prescribed. She asserts that she suffered a developmental injury that resulted in a disability in March 2017 when she was told that she needed surgery and told she could not work. She contends that because she instituted proceedings more than two years from the date of the accident but within three years from the date of the accident, she is entitled to six months of TTD benefits under La. R.S. 23:1209(4). Claimant also maintains that the trial court erred in failing to allow her to amend her petition to remove the grounds for the exception.
LAW & ANALYSIS
Under La. R.S. 23:1209(A), claims for workers' compensation benefits must be filed within (1) one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment of supplemental earnings benefits; or (3) one year from the date the injury develops, if the injury does not result at the time of or immediately after the accident, but no more than three years[2] from the date of the accident. See Roussell v. V.J. Rollo Security Service, Inc. , 10-245 (La. App. 5 Cir. 10/12/10), 50 So.3d 900, 902.
Generally, development of the injury means development of the disability, which is usually identified as the time it becomes clear that the employee is no longer able to perform her employment duties in a satisfactory manner. Swearingen v. Air Products & Chemical, Inc. , 481 So.2d 122, 124 (La. 1986). Thus, an employee who suffers a work-related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one year from the development of the disability, rather than from the first appearance of symptoms or from the first date of treatment. Winford v. Conerly Corp. , 04-1278 (La. 3/11/05), 897 So.2d 560, 564. For purposes of prescription, the jurisprudence has identified two situations that signify the date a developing injury manifests as a disability: (1) the date the employee is forced to discontinue working due to the injury; or (2) the date the employee receives a medical diagnosis which determines that he is disabled. Id. at 565.
*98 Ordinarily, the burden is on the party raising the exception of prescription to prove it. However, if prescription is evident on the face of the pleadings, the burden shifts to the claimant to show that the claim has not prescribed. Winford , 897 So.2d at 565. Evidence may be introduced to support or controvert the exception of prescription, when the grounds thereof do not appear from the petition. Gay v. Georgia-Pacific , 12-1892 (La. App. 1 Cir. 10/10/13), 184 So.3d 39, 43. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. Gregoire v. La. Dep't of Wildlife & Fisheries , 11-321 (La. App. 5 Cir. 4/10/12), 92 So.3d 932, 933.
Here, Claimant's initial 1008 disputed claim form filed on December 27, 2016, listed her date of injury and the date of accident as November 21, 2014. In her amended 1008, filed on March 9, 2017, Claimant alleged her injury was developmental. Under La. R.S. 23:1209(A)(3), Claimant's claim for compensation had to be filed within one year from when her injury manifested into a disability and within three years from the date of the accident. Claimant's claim was clearly filed within three years of the date of the accident, but there is no indication in her petition of the date on which her injury developed or manifested as a disability for purposes of workers' compensation benefits. Thus, it is not evident from the face of the pleading that Claimant's claim is prescribed. Accordingly, the burden was on EJGH to prove the claim was prescribed-that it was filed more than one year after the developmental injury manifested itself as a disability.
To meet its burden, EJGH provided evidence that Claimant resigned from her employment in August 2015 because she could no longer perform her job duties. This evidence was undisputed. During the hearing, Claimant's counsel argued that despite resigning from EJGH, Claimant found another job that she could perform and she continued to work until March 2017, when she learned she needed surgery for a labral tear and was told she could not work until she had surgery. Thus, counsel argued that Claimant's injury did not develop into a disability until March 2017. However, there was absolutely no evidence to support the argument of counsel. Specifically, Claimant failed to produce any evidence that she continued to work between August 2015 when she resigned from EJGH because she could no longer perform her full job duties and March 2017 when she was told she needed surgery and could not work. Thus, we find no error in the trial court's determination that August 2015 was the latest date Claimant's disability developed for purposes of prescription.
Finally, Claimant asserts that the workers' compensation judge should have given her an opportunity to amend her petition to cure the defect pursuant to La. C.C.P. art. 934, which provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed...the action, claim, demand, issue, or theory shall be dismissed.
Article 934 only requires that a plaintiff be granted an opportunity to amend when such an amendment would cure the objection raised in the exception. In the context of an objection of prescription, Article 934 has been interpreted to mean that where a plaintiff's compensation claim is prescribed on its face, and the plaintiff has the opportunity *99 but fails to offer any evidence at the hearing of a peremptory exception that her claim was filed timely, she has failed to adequately establish that amendment of her petition might remove the grounds of the objection. Mitchell v. Terrebonne Parish Sch. Bd., 02-1021 (La. App. 1 Cir. 4/2/03), 843 So.2d 531, 534, writ denied , 03-2275 (La. 11/26/03), 860 So.2d 1135.
Here, Claimant's petition was not prescribed on its face but rather evidence was offered by the mover at the hearing on the exception to prove the claim was prescribed. Additionally, Claimant had an opportunity to offer evidence to show that her claim was timely filed but failed to do so; therefore, she cannot amend her petition to remove the grounds of objection. Accordingly, we find no error in the trial court's failure to allow Claimant time to amend her claim to remove the grounds for the objection.
DECREE
For the foregoing reasons, we affirm the ruling of the workers' compensation court sustaining EJGH's exception of prescription.
AFFIRMED

We acknowledge the general rule that evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Denoux v. Vessel Mgmt. Servs., Inc. , 07-2143 (La. 5/21/08), 983 So.2d 84, 88. We also recognize that under La. R.S. 23:1317, the workers' compensation judge "shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence." We are further mindful of the Louisiana Supreme Court's pronouncement that "[w]hile ... the rules of evidence and procedure are relaxed in workers' compensation proceedings, such proceedings are nonetheless lawsuits to be conducted in conformity with the accepted standards of practice and procedure." Taylor v. Tommie's Gaming , 04-2254 (La. 5/24/05), 902 So.2d 380, 383.
Pursuant to the Louisiana Administrative Code, 40:I.6301, pertaining to the submission of evidence in a workers' compensation proceeding, "[t]he parties shall file into the record all evidence at the time of trial or hearing." In this case, at the time of the hearing on the exception of prescription, the parties had already "filed into the record" various exhibits. During the hearing, neither party objected to the evidence that had been filed into the record despite an opportunity to do so. Additionally, both parties referred to the filed exhibits during their argument, and the trial court relied on the filed exhibits in rendering judgment. Considering that the rules of evidence and procedure are relaxed in a workers' compensation proceeding and LAC 40:I.6301, which governs the practice and procedure before the workers' compensation court, we find that the evidence "filed into the record" through attachments to memoranda in advance of the hearing was sufficiently presented for consideration in this context.

La. R.S. 23:1209(A)(3) was amended by Acts 2012, No. 783, effective August 1, 2012, to change the prescriptive period from two years to three years. This Act also added Subsection (A)(4), which provides for the payment of no more than six months of TTD benefits when a claim for a developmental injury is filed more than two years from but within three years of the date of the accident.