CHAISSON, J.
In this Workers' Compensation case, Sondier Knight appeals a judgment sustaining an exception of prescription filed by Imperial Trading Company ("Imperial"), which dismissed Ms. Knight's claim with prejudice. For the reasons set forth herein, we affirm the judgment of the trial court.
FACTS & PROCEDURAL HISTORY
On April 26, 2017, Ms. Knight presented herself to the West Jefferson Medical Center emergency room with complaints of left *809 arm, shoulder and chest pain. According to the doctor's notes from that visit, these injuries were sustained at work and were the result of "lifting or pulling a heavy object." Ms. Knight was discharged that day with a diagnosis of "chest pain-muscle strain," with instructions to follow-up with her family doctor in one to two days. Ms. Knight did not follow-up with her family doctor as instructed. She never returned to work at Imperial after this accident.[1]
Three months later, on July 26, 2017, Ms. Knight presented herself to the SouthShore Physician Group with complaints of left shoulder and chest pain that she related to her April 26, 2017 accident at work. She was diagnosed with thoracic strain, left shoulder strain and left anterior chest contusion, and was prescribed a course of office therapy three times per week.
On May 30, 2018, more than one year after her alleged April 26, 2017 work-related accident, Ms. Knight filed a Disputed Claim for Compensation against Imperial seeking workers' compensation benefits for the injuries she sustained in the April 26, 2017 accident. Imperial filed an answer to the Disputed Claim for Compensation in which it denied all of Ms. Knight's allegations, including whether an accident occurred on April 26, 2017.
Along with its answer, Imperial also filed a peremptory exception of prescription in which it argued that Ms. Knight's claim for compensation had prescribed pursuant to La. R.S. 23:1209(A), because it was filed more than one year from the date of the accident. In opposition to this motion, Ms. Knight argued that prescription had not yet run on her claim because her injury did not develop immediately after the accident, but rather only when she was diagnosed by the SouthShore physician on July 26, 2017. Following a hearing, the trial court rendered judgment sustaining Imperial's exception of prescription and dismissed Ms. Knight's claim with prejudice. It is from this judgment that Ms. Knight now appeals.
DISCUSSION
This Court recently articulated the law on prescription of claims for workers' compensation benefits in Eugene-Robinson v. East Jefferson General Hospital :
Under La. R.S. 23:1209(A), claims for workers' compensation benefits must be filed within (1) one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment of supplemental earnings benefits; or (3) one year from the date the injury develops, if the injury does not result at the time of or immediately after the accident, but no more than three years from the date of the accident. See Roussell v. V.J. Rollo Security Service, Inc. , 10-245 (La. App. 5 Cir. 10/12/10), 50 So.3d 900, 902.
Generally, development of the injury means development of the disability, which is usually identified as the time it becomes clear that the employee is no longer able to perform her employment duties in a satisfactory manner. Swearingen v. Air Products & Chemical, Inc. , 481 So.2d 122, 124 (La. 1986). Thus, an employee who suffers a work-related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one year from the development of the disability, rather than from the first appearance of symptoms or from the first date of treatment. Winford v. Conerly Corp. , 04-1278 (La. 3/11/05), 897 So.2d 560, 564. For purposes of prescription, *810 the jurisprudence has identified two situations that signify the date a developing injury manifests as a disability: (1) the date the employee is forced to discontinue working due to the injury; or (2) the date the employee receives a medical diagnosis which determines that he is disabled. Id. at 565.
17-433 (La. App. 5 Cir. 12/27/17), 237 So.3d 93, 97.
At issue here is whether prescription began to run on Ms. Knight's claim on April 26, 2017, the date of her purported accident, or whether, as argued by Ms. Knight, prescription began to run on July 26, 2017, the date that she claims her injury developed into a disability which prevented her from working.[2] Relevant to our inquiry is the question of which party bears the burden of proof on the exception of prescription.
Ordinarily, the party urging prescription bears the burden of proof at trial of the exception; however, if the petition is prescribed on its face, the burden shifts to the plaintiff to show the action is not prescribed. Palazola v. IMC Consulting Engineers, Inc. , 16-22 (La. App. 5 Cir. 6/30/16), 197 So.3d 782, 784.
Upon review of Ms. Knight's Disputed Claim for Compensation, we find that it is prescribed on its face. Although the information provided in the claim form is quite sparse, it clearly states April 26, 2017, as the date of the purported accident. The description of the accident states simply: "As plaintiff was moving products, she fell and hit conveyor belt." Although the claim form advises claimants that they may attach a letter or petition with additional information, there is nothing in the record to indicate that Ms. Knight chose to do so. Ms. Knight's claim form confirms that no indemnity benefits have been paid and appears to seek those benefits from the date of her accident on April 26, 2017. In short, there is nothing in the claim form to indicate that Ms. Knight suffered a developmental injury or that she only became disabled from work on any date other than April 26, 2017. On the record before us, Ms. Knight raises for the first time the argument of a delayed disability from work in her opposition to Imperial's exception of prescription.
Having determined that the claim is prescribed on its face, and that the burden of proof shifted to Ms. Knight to show that her claim is not prescribed, we next examine the evidence introduced by Ms. Knight. As previously stated, when the issue of delayed development of disability is raised for the purpose of defeating an exception of prescription, "the jurisprudence has identified two situations that signify the date a developing injury manifests as a disability: (1) the date the employee is forced to discontinue working due to the injury; or (2) the date the employee receives a medical diagnosis which determines that he is disabled." Eugene-Robinson v. East Jefferson General Hospital , 237 So.3d at 97.
Regarding the date that Ms. Knight discontinued working, while Ms. Knight acknowledges that she never returned to work after the accident, she argues that the reason she discontinued work was because *811 she was fired by Imperial. In its memorandum in support of its exception of prescription, Imperial concedes that Ms. Knight was "fired for cause" from her employment the day after the alleged accident, but provides no information as to the reason that Ms. Knight was terminated. The evidence in the record before us simply provides no information from which this Court can determine, one way or the other, whether Ms. Knight's discontinuance of work was "due to the injury," and therefore we do not view this information as favorable to either party on the exception of prescription. We therefore decline to accept Imperial's suggestion that Ms. Knight's discontinuance of work from the time of the alleged accident is sufficient proof that she was disabled on that date. However, we do note that Ms. Knight, as the party with the burden of proof on this exception, has introduced no evidence to show that, but for being fired by Imperial, she was otherwise able to work from the date of the accident until July 26, 2017.
Regarding the date of receipt of a medical diagnosis of disability, the record reveals that no witnesses were called to testify at the hearing of the exception of prescription. The only evidence introduced by Ms. Knight in support of her claim of a developmental injury consists of a letter from SouthShore Physician Group concerning her July 26, 2017 medical exam. Although she offers this letter as evidence that her disability was not diagnosed until July 2017, the language of the letter does not support her position. There is nothing in the letter that mentions a diagnosis of disability, inability to work, or that the injury had developed over time. To the contrary, the letter makes reference to the April 26, 2017 accident and states that "[i]n all medical probability the patients' signs and symptoms are causally related to the accident." Such language appears indicative of a situation in which the purported accident and the disabling injury were immediately apparent on April 26, 2017, and not one of a developmental injury.[3]
CONCLUSION
Because Ms. Knight's claim is prescribed on its face and she has failed to meet her evidentiary burden to show it has not prescribed, we find that the trial court correctly sustained Imperial's exception of prescription.[4] Accordingly, we affirm the judgment of the trial court dismissing Ms. Knight's claim with prejudice.
AFFIRMED

Although both parties appear to agree that Ms. Knight's employment was terminated, it is unclear from the record the reason for her termination.

At the hearing of the exception, Imperial introduced affidavits from Cheryl Analla, its Vice President of Administration, and Wynnetria Shorter, the handling adjuster for Ms. Knight's claim, verifying that no indemnity or medical benefits have been paid to Ms. Knight as the result of her alleged April 26, 2017 accident. Ms. Knight did not present any evidence to contest this assertion. Therefore, it is undisputed that the second prescriptive period under La. R.S. 23:1209(A), running from the date of the last payment of indemnity benefits, is not applicable to this case.

In support of their exception of prescription, Imperial also introduced into evidence medical records from Ms. Knight's April 26, 2017 visit to the emergency room at West Jefferson Medical Center. At that time, Ms. Knight was diagnosed with "chest pain - muscle strain", but no mention was made of any diagnosis of disability or inability to work.

We note that Imperial's Answer to Ms. Knight's appeal in which it sought to contest a finding that an accident occurred is moot in light of our decision to affirm the judgment of the trial court dismissing Ms. Knight's claim with prejudice.