^PETTIGREW, J.
In this workers’ compensation action, the workers’ compensation judge (“WCJ”) rendered judgment granting summary judgment in favor of defendant, J. Ray McDermott, granting McDermott’s exception raising the objection of prescription; granting McDermott’s exception raising the objection of res judicata; and dismissing, with prejudice, the workers’ compensation claim of William Ward. Mr. Ward appeals from said judgment. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Mr. Ward was employed by McDermott as a welders helper on September 6, 2000. According to Mr. Ward, he was sandblasting when sand got into his eyes. Mr. Ward was attended to by a McDermott medic on the scene. Thereafter, on September 22, 2000, Mr. Ward was examined by Dr. L. Arnold Cloutier, Jr., who advised Mr. Ward that he could return to work and would not require additional medical care. Mr. Ward subsequently filed a claim for workers’ compensation benefits in District 5. A trial on the merits was scheduled for May 13, 2002. When Mr. Ward failed to appear for trial, the WCJ dismissed the claim, without prejudice, and afforded Mr. *750 Ward thirty days to reinstate his claim. Mr. Ward neither reinstated his original claim in District 5, nor appealed the WCJ’s May 16, 2002 judgment dismissing his claim. Rather, on September 18, 2002, Mr. Ward filed a new claim for benefits in District 9 based on the same incident.
In response to Mr. Ward’s September 18, 2002 claim, McDermott filed a motion for summary judgment, an exception raising the objection of prescription, and an exception raising the objection of res judi-cata. A hearing on these matters was scheduled for December 16, 2002, and Mr. Ward was properly notified of same. According to the record, the parties participated in a telephone status conference on December 3, 2002, at which time a telephone pre-trial conference was scheduled for January 9, 2003, at 9:00 a.m. Thereafter, on December 6, 2002, McDermott filed a motion to continue the December 16, 2002 hearing. On December 9, 2002, the WCJ signed an order indicating that the hearing would be continued to “9th day of January, 2002 at 9:00 a.m.” Although the date of the hearing was obviously intended to be reflected as January 9, 2003, a copy | c.of the order containing the date of January 9, 2002, was mailed to Mr. Ward via certified mail, return receipt requested. Mr. Ward received same on December 10, 2002.
On January 9, 2003, McDermott’s motions were called for hearing before the WCJ. Mr. Ward failed to appear for the hearing, and the matter proceeded in his absence. Counsel for McDermott presented argument to the WCJ and introduced various exhibits into evidence. The WCJ took the matter under advisement and, on January 15, 2003; signed a judgment in McDermott’s favor granting McDermott’s motion for summary judgment, maintaining McDermott’s exceptions raising the objections of prescription and res judicata, and dismissing Mr. Ward’s claim with prejudice.
Mr. Ward has appealed from this judgment, assigning error to the WCJ’s dismissal of his claim. Mr. Ward raises the issue of whether he received proper notice of the January 9, 2003 hearing.
DISCUSSION
The prescriptive period for workers’ compensation claims is set forth in La. R.S. 23:1209 A as follows:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. [Footnote omitted.]
Thus, under La. R.S. 23:1209 A, claims are barred unless filed (1) within one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last *751 payment for partial disability; or (3) one year from the time the injury develops if not immediately manifested, but no more than two years after the accident.
[ 4Pursuant to La.Code Civ. P. art. 931, “evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and those alleged facts are accepted as true. Mitchell v. Terrebonne Parish School Bd., 2002-1021, p. 5 (La.App. 1 Cir. 4/2/03), 843 So.2d 531, 533.
A party pleading prescription generally has the burden of proving it. Howard v. Trelles, 95-0227, p. 4 (La.App. 1 Cir. 2/23/96), 669 So.2d 605, 607, writ denied, 96-0712 (La.5/3/96), 672 So.2d 690. However, when a suit has prescribed on its face, the claimant has the burden of proving that the running of prescription was suspended or interrupted in some manner. Jonise v. Bologna Bros., 2001-3230, p. 6 (La.6/21/02), 820 So.2d 460, 464.
In the instant case, Mr. Ward’s disputed claim form, filed September 18, 2002, sets forth allegations that he was injured on September 6, 2000, while working as a welder for McDermott. Thus, on its face, Mr. Ward’s claim was prescribed. Accordingly, the burden shifted to Mr. Ward to establish that his claim was not prescribed.
On appeal, Mr. Ward, who has appeared in proper person throughout these proceedings, alleges he was “confused ... on [his] reporting date” because of the numerous changes in his court dates made by the WCJ. He asserts that he was under the impression that the January 9, 2003 court date was “only ... a trial date selection briefing with [his attendance] being optional.” Based on our review of the record, we agree with Mr. Ward’s position on the issue of notice.
According to the record, the hearing on McDermott’s motion for summary judgment and exceptions was scheduled for January 9, 2003. However, as previously indicated, the order signed by the WCJ on December 9, 2002, reflected a hearing date of January 9, 2002. This order was mailed to Mr. Ward via certified mail, return receipt requested and received by him on December 10, 2002. Moreover, on December 4, 2002, following a telephone status conference, Mr. Ward had already been notified that a telephone pre-trial conference was set for January 9, 2003, at 9:00 a.m. Given the | Runique facts and circumstances herein, and taking into consideration the fact that Mr. Ward was not represented by counsel, we find the notice to him regarding the January 9, 2003 hearing on McDermott’s motion and exceptions was defective. Thus, the WCJ’s judgment must be reversed and the matter remanded to give Mr. Ward the opportunity to be heard on the issues raised by McDermott.
CONCLUSION
For the above and foregoing reasons, the judgment of the WCJ is reversed and the matter is remanded for further proceedings consistent with this opinion. All costs associated with this appeal are assessed against McDermott.
REVERSED AND REMANDED.
MCCLENDON, J„ concurs.