916 So.2d 246 (2005)
William WARD
v.
J. Ray McDERMOTT.
No. 2004 CA 1189.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
*247 William Ward, Napoleonville, Claimant/Appellant In Proper Person.
J. Louis Gibbens, New Iberia, Counsel for Defendant/Appellee, J. Ray McDermott.
Before: WHIPPLE, DOWNING, and HUGHES, JJ.
WHIPPLE, J.
Claimant, William Ward, again appeals from a judgment of the Office of Workers' Compensation maintaining the employer's exceptions of prescription and res judicata, and granting summary judgment in favor of the employer, dismissing Ward's *248 claim with prejudice. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Claimant was employed by J. Ray McDermott ("McDermott") as a welder/sandblaster. He alleged that an accident occurred on September 6, 2000, in which sand got into his eyes while he was sandblasting during the course and scope of his employment. On September 18, 2002, he filed a disputed claim for compensation, alleging that the September 6, 2000 accident was due to "old" equipment, and that the accident caused his eyes to be red and irritated, and his vision to be blurred. He further alleged that he reported the accident to the medic at McDermott on the same day that the incident occurred.
In response, McDermott filed a motion for summary judgment, exception of prescription, and exception of res judicata. A hearing was held before the OWC judge on January 9, 2003, at which claimant failed to appear. The OWC judge subsequently rendered judgment on January 15, 2003, maintaining McDermott's exceptions of prescription and res judicata, and granting summary judgment in favor of McDermott, dismissing claimant's claim with prejudice.
Claimant, who has appeared in proper person throughout these proceedings, appealed the January 15, 2003 judgment of the OWC on the basis that he received faulty notice. This court agreed, finding that the notice to claimant regarding the January 9, 2003 hearing was defective. See Ward v. McDermott, XXXX-XXXX (La.App. 1st Cir.12/31/03), 868 So.2d 748. Thus, another panel of this court reversed the January 15, 2003 judgment and remanded this matter to the OWC to give the claimant an opportunity to be heard on the issues raised by McDermott.
On remand, notice issued to the parties re-setting the matter for a hearing before the OWC judge on January 29, 2004. Claimant was present at this hearing. The OWC judge again heard argument and testimony on the employer's motion for summary judgment, exception of prescription, and exception of res judicata. On February 20, 2004, the OWC judge rendered judgment again maintaining McDermott's exceptions of prescription and res judicata and granting McDermott's motion for summary judgment, dismissing Ward's claim with prejudice. Claimant appeals.

DISCUSSION
In his brief to this court, claimant generally argues on appeal that McDermott provided defective equipment for him to use, then "fired" him without consideration of the extent of his injuries. He claims that McDermott "footdragged" and "manipulat[ed] ... the court" due to the fact that claimant did not have an attorney and sets forth seven "issues" that he requests an "opportunity to be heard on." He further contends that there was a conspiracy by "malicious counsel" in an attempt to dismantle his case.
At the outset, we note that the claimant fails to cite any factual or evidentiary basis in the record to support any of these allegations and that the merits of the claim are not before us. While we note that claimant represented himself in proper person, the record shows that the OWC judge attempted to accommodate claimant throughout these proceedings. Moreover, on appeal to this court, claimant was previously successful in having this matter remanded for a new hearing to be conducted on McDermott's motion and exceptions, and to afford claimant the opportunity to be heard. Although claimant was entitled to appear in proper person, he must observe the same deadlines as any attorney *249 and is held to the same standards as an attorney.[1]
Finally, he contends that the summary judgment and exceptions of prescription and res judicata "should not [have been] granted." We disagree. The prescriptive period for workers' compensation claims is set forth in LSA-R.S. 23:1209 A, as follows:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. [Footnote omitted.]
Pursuant to LSA-R.S. 23:1209 A, claims are barred unless filed: (1) within one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops if not immediately manifested, but not more than two years after the accident.
Louisiana Code of Civil Procedure article 931 provides that "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and those alleged facts are accepted as true. Mitchell v. Terrebonne Parish School Board, XXXX-XXXX (La.App. 1st Cir.4/2/03), 843 So.2d 531, 533, writ denied, 2003-2275 (La.11/26/03), 860 So.2d 1135.
A party pleading prescription generally has the burden of proving it. Howard v. Trelles, 95-0227 (La.App. 1st Cir.2/23/96), 669 So.2d 605, 607, writ denied, 96-0712 (La.5/3/96), 672 So.2d 690. However, when a suit has prescribed on its face, the claimant has the burden of proving that the running of prescription was suspended or interrupted in some manner. Jonise v. Bologna Brothers, XXXX-XXXX. p. 6 (La.6/21/02), 820 So.2d 460, 464.
Claimant does not dispute that he filed his claim for compensation on September 18, 2002, based on an accident that occurred on September 6, 2000. Thus, as stated in this court's previous opinion, on *250 its face, Mr. Ward's claim has prescribed. See Ward v. J. Ray McDermott, 868 So.2d at 751. Nonetheless, in support of its exception of prescription, McDermott introduced the following: (1) claimant's medical records from Doctors Arnold Cloutier, Bruce J. Lepler, and Thomas Heigle; (2) deposition testimony of the claimant and Doctors Lepler and Cloutier, Jr.; (3) testimony of Dawn Shifflett, the workers' compensation claims adjuster for Crawford and Company, the company that managed the claim for McDermott; and (4) the entire record of the proceedings.
At the January 29, 2004 hearing, claimant was given an opportunity to present any evidence he had to rebut McDermott's showing and to establish that his claim had not prescribed or that prescription was suspended or interrupted in some manner. Claimant failed to do so. Specifically, he failed to produce any evidence to establish that the date of the accident was any date other than September 6, 2000, the date he reported the accident, or to show any suspension of the prescriptive period. Thus, the OWC judge correctly concluded that the claim was prescribed. See Jonise v. Bologna Brothers, 820 So.2d at 464.
Because we find that the OWC judge correctly dismissed claimant's suit on the basis of prescription, we pretermit discussion of McDermott's exception of res judicata, motion for summary judgment, and claimant's other assignments of error.[2]
Accordingly, the February 20, 2004 judgment of the OWC dismissing the claim with prejudice is affirmed in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1 B. All costs are assessed against claimant.
AFFIRMED.
NOTES
[1] In claimant's sixth assignment of error, he contends that his case was moved to or opened in an "improper" district. Again, claimant provides no record support for this allegation. As McDermott correctly points out, claimant chose the particular venue or district when filing his disputed claim for compensation. Moreover, the record and the transcript reveal that he did not raise this issue in the proceedings below. Nonetheless, because we find no evidence to show that his case was either improperly "moved" or "opened" in district nine, we likewise find no merit to this claim.
[2] In claimant's first four assignments of error, he complains that McDermott: (1) failed to provide a safe working environment; (2) utilized unsafe work equipment; (3) employed incompetent medical staff; and (4) that he is suffering from severe depression.