960 So.2d 1053 (2007)
Elaine W. FLOWERS
v.
Gaylord CONTAINER.
No. 2006 CA 1473.
Court of Appeal of Louisiana, First Circuit.
May 4, 2007.
Carl Perkins, Covington, Counsel for Plaintiff/Appellant Elaine W. Flowers.
Craig Robichaux, Mandeville, Counsel for Defendant/Appellee Gaylord Container Corp.
Before: KUHN, GAIDRY, and WELCH, JJ.
KUHN, J.
Claimant-appellant, Elaine Hughes Flowers, appeals the ruling of the Office of Workers' Compensation (OWC), which granted summary judgment in favor of her former employer, defendant-appellee, Gaylord Container Corporation (Gaylord), finding that her claim for workers' compensation benefits was prescribed and dismissed the employee's claims. We affirm.

*1054 PROCEDURAL BACKGROUND
On November 22, 2004, Flowers filed a disputed claim for workers' compensation (form 1008), averring that on March 26, 1998, ostensibly while on the Gaylord premises, she had an accident that she reported to her supervisor/nurse. In the portion of the disputed-claim form requesting that she "[d]escribe the accident and injury in detail (person/equipment involved, type of injury, etc.)," Flowers stated, "Shelby McKenzie or Walter O'Berry." No details of the mechanics of the accident or the nature of her injuries were set forth. In that portion of the form entitled, "THE BONA-FIDE DISPUTE," Flowers checked the following:
1. No wage benefits have been paid
2. No medical treatment has been authorized
6. Medical treatment (Procedure/Prescription) _____ recommended by _____ not authorized.
7. Choice of physician (specialty) ____
8. Disability status ___________________
9. Vocational Rehabilitationspecify _______________________________________________
10. Offset/Credit _________________________
11. Refusal to authorize/submit to evaluation with choice of physician/Independent Medical Examination. . . .
Flowers did not provide any additional information in any of the blank spaces. In the category "Other," Flowers indicated "Need additional surgery."
Gaylord filed an exception raising the objection of prescription on February 16, 2006, that OWC provisionally denied, deferring a final ruling to the trial on the merits. Thereafter, on July 1, 2005, Gaylord responded to the disputed claim, denying that Flowers had sustained an injury on March 26, 1998, or that she was performing a service arising out of the course and scope of her employment at the time of her injury.
On February 8, 2006, Gaylord filed a motion for summary, urging that Flowers' claim was prescribed. After a hearing, OWC granted the motion and dismissed Flowers' disputed claim. This appeal followed.

DISCUSSION
When a party raises the issue of prescription in a motion for summary judgment, setting forth all the essential allegations for an exception, the court should look to the substance of the pleading rather than its title. See Alcorn v. City of Baton Rouge ex rel. Baton Rouge Police Dep't, 03-2682, p. 3 (La.1/16/04), 863 So.2d 517, 519 (per curiam). Pleadings should be interpreted according to their true meaning and effect in order to do substantial justice, rather than interpreted according to their caption. Id. Thus, the use of the motion for summary judgment is a proper vehicle for raising the issue of prescription. Id.
A party pleading prescription generally has the burden of proving it. Ward v. McDermott, 04-1189, p. 5 (La.App. 1st Cir.6/10/05), 916 So.2d 246, 249. But when a suit has prescribed on its face, the claimant has the burden of proving that the running of prescription was suspended or interrupted in some manner. Jonise v. Bologna Brothers, 01-3230, p. 6 (La.6/21/02), 820 So.2d 460, 464.
A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Brumfield v. Gafford, 99-1712, p. 3 (La. App. 1st Cir.9/22/00), 768 So.2d 223, 225.
The party moving for summary judgment bears the burden of proof. But if the movant will not bear the burden of *1055 proof at the trial of the matter, the movant is not required to negate all essential elements of the adverse party's claim but rather to point out an absence of factual support for one or more essential elements. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and summary judgment is properly granted. La. C.C.P. art. 966 C.
The prescriptive period for workers' compensation claims is set forth in La. R.S. 23:1209 as follows:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
Pursuant to La. R.S. 23:1209 A, claims are barred unless filed: (1) within one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops if not immediately manifested, but not more than two years after the accident. Ward, 04-1189 at p. 4, 916 So.2d at 249.
Flowers did not file her claim until November 22, 2004, based on allegations that an accident had occurred on March 26, 1998, for which Gaylord was liable to her. Therefore, her claim was prescribed on its face. Thus, at the trial on the merits, Flowers would bear the burden of proving that the running of prescription was suspended or interrupted in some manner.
In support of its entitlement to summary judgment, Gaylord presented the affidavit of its human resources manager, Ellis Sampson, who attested that the employer first learned of this claim for workers' compensation benefits in January 2005 at a mediation conference in conjunction with Flowers' grievance against Gaylord arising from her termination for excessive absenteeism. Based on the human resources manager's review of Flowers' personnel file, on March 26, 1998, Flowers reported to the Gaylord plant nurse that her "knee was sore but that the condition had started a week or so previously." Sampson specifically stated, "There was no mention of an accident." His affidavit said that Flowers was sent to a doctor, who diagnosed a bone spur. Sampson indicated that Flowers had applied for and received short term disability benefits as a result of the March 26, 1998 complaint and no workers' compensation benefits were paid to her by Gaylord. Flowers returned to work on May 15, 1998. Gaylord also submitted documentary evidence showing the medical record created as a result of Flowers' March 26, 1998 report to the nurse, the Cigna Short Term Disability claims form Flowers signed for benefits *1056 based on the March 26, 1998 complaint, and a medical release permitting Flowers to return to work commencing on May 15, 1998.[1]
Based on Sampson's affidavit, Gaylord established that Flowers had not asserted a claim for workers' compensation benefits within one year of the date of the alleged accident as required to interrupt prescription under § 1209 A. The employer also presented evidence that no compensation payments had ever been made. This was confirmed in Flowers' disputed claim where she indicated that she had never received wage benefits and that no medical treatment had ever been authorized. Thus, Gaylord carried its initial burden of proving Flowers' claim was prescribed.
In response to Gaylord's showing, the only evidence Flowers placed in the record was an opinion-and-award document, denying her relief in an arbitration proceeding based on her grievance of wrongful termination by Gaylord.[2] In that portion of the opinion and award entitled "DISCUSSION AND FINDINGS," the arbitrator stated, "[Flowers'] undisputed testimony is that the bulk of her absences beginning in 1998 were the result of problems with her knee, and four subsequent knee surgeries, after an on-the-job injury." After carefully scrutinizing the opinion-and-award document, we do not find anything in it that establishes Flowers filed a claim for workers' compensation benefits within either one year of March 26, 1998, the date of the accident; one year from the last compensation payment for total disability or three years from the last payment for partial disability; or one year from the time the injury developed if not immediately manifested, but not more than two years after the accident. Thus, Flowers failed to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial, and there is no genuine issue of material fact. As such, Gaylord is entitled to summary judgment. OWC properly granted the motion and dismissed Flowers' disputed claim for compensation.[3]

DECREE
OWC's ruling granting summary judgment and dismissing the disputed claim, arising out of an accident on March 26, 1998, filed by Flowers on November 22, 2004, based on a finding that it is prescribed, is affirmed. Appeal costs are assessed against claimant-appellant, Elaine Hughes Flowers.
AFFIRMED.
NOTES
[1] Flowers was known as "Elaine Williams" at that time.
[2] The opinion and award was issued by arbitrator Charles Feigenbaum who noted that by contract, Gaylord management rights included "the right to . . . demote, discipline, suspend or discharge employees for proper cause." Apparently, Flowers maintained that her termination for excessive absenteeism was without proper cause.
[3] In conjunction with its motion for summary judgment, Gaylord included an employer's report of occupational injury or disease for Flowers based on an accident that occurred on March 28, 1990. In their appeal briefs, the parties contend that in her deposition testimony, Flowers indicated that the accident really happened on March 28, 1990. But Flowers' deposition was neither admitted into evidence nor filed into the record. As such, any claim for workers' compensation based on an accident that occurred on a date other than March 26, 1998, is not properly part of our review in this appeal.