PARRO, J.
1 ¡¿Plaintiff, Jackie J. Putman, appeals the judgment of the workers’ compensation judge (WCJ), sustaining the peremptory exception pleading the objection of prescription filed by the defendants and dismissing Mr. Putman’s claims against them, with prejudice. For the reasons that follow, we affirm.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
In August 2007, Mr. Putman was employed by Quality Distribution, Inc. (Quality) as a tank cleaner, during which he was allegedly exposed to hazardous chemicals. On August 13, 2007, Mr. Putman began treatment at Our Lady of the Lake Regional Medical Center for this alleged exposure. After receiving treatment from various physicians, Mr. Putman applied for long-term disability benefits through ING Employee Benefits and stated that he had last worked for Quality on August 10, 2007.[1] As part of the application, which *320 was dated February 20, 2008, Mr. Putman was required to provide a statement of impairment and function from his attending physician, Dr. William Hines. According to this statement, which was dated March 12, 2008, Dr. Hines noted that he had diagnosed Mr. Putman with hypersensitivity pneumonitis. Dr. Hines further noted that this condition was most likely work-related.
Despite this statement from Dr. Hines, Mr. Putman did not file any claim for workers’ compensation benefits until August 13, 2009, when he filed the underlying disputed claim for benefits, naming as defendants, Quality and its workers’ compensation insurer, Zurich American Insurance Company (Zurich). In the claim form, Mr. Putman alleged that he had first reported the chemical exposure that he had suffered at his job with Quality to Quality’s corporate office on August 13, 2007.
In response to Mr. Putman’s allegations in his claim for workers’ compensation benefits and in various attached documents, Quality and Zurich filed a peremptory exception pleading the objection of prescription, along with an accompanying memorandum. Mr. Putman did not file any written opposition to the exception. After a | shearing, at which evidence was submitted by the defendants and the WCJ questioned Mr. Putman, the WCJ sustained the exception and dismissed Mr. Putman’s claim for workers’ compensation benefits, with prejudice. The WCJ subsequently signed a judgment in accordance with this oral ruling. It is from this judgment that Mr. Putman has appealed.
MOTION TO STRIKE APPELLATE BRIEF
As a preliminary matter, Quality and Zurich have filed a motion to strike Mr. Putman’s appellate brief on the ground that it fails to comply with Rule 2-12.4 of the Uniform Rules of the Courts of Appeal, because it fails to include argument on a specification or assignment of error and because it fails to include suitable references by volume and page to the place in the record that contains the basis for the alleged error. Nevertheless, in light of Mr. Putman’s pro se status, this court will consider the merits of his appeal, despite the improper form of his appellate brief. See Washington v. First Choice Trucking, 06-1479 (La.App. 3rd Cir.3/7/07), 953 So.2d 107, 110; see also, St. Agnes Health/Rehabilitation Center v. Ledet, 00-2023 (La.App. 3rd Cir.3/21/01), 782 So.2d 1145, 1146-47; Cheatham v. Luberski, Inc., 43,603 (La.App. 2nd Cir.9/17/08), 996 So.2d 373, 376. Accordingly, the motion to strike Mr. Putman’s appellate brief is denied.
DISCUSSION
If the facts alleged in a petition do not show that a claim has prescribed, the burden is on the party raising the objection of prescription to prove it. Conversely, if a claim is prescribed on the face of the pleadings, the burden is on the plaintiff to show that prescription has not tolled, because of an interruption or a suspension of prescription. Brister v. GEICO Ins., 01-0179 (La.App. 1st Cir.3/28/02), 813 So.2d 614, 616. At the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided on the facts alleged in the petition, and all allegations | ¿thereof are accepted as true. Daisey v. Time Warner, *321 98-2199 (La.App. 1st Cir.11/5/99), 761 So.2d 564, 567.
Louisiana Revised Statute 23:1209(A) addresses the prescriptive period for workers’ compensation claims and provides:
A. (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
(2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4).
(3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
Louisiana Revised Statute 23:1209(A)(1) and (2) provide that, in the absence of an agreement, a claim for workers’ compensation weekly benefits is prescribed unless a formal claim is filed within one year of the accident or, if such payments have been made, within one year of the last payment, or within three years of the last payment in the case of payments made pursuant to certain provisions of LSA-R.S. 23:1221.[2] However, LSA-R.S. 23:1209(A)(3) also provides an exception in the case of a “developing injury,” or one that does not develop or manifest itself immediately after the accident, whereby the prescriptive period does not end until one year from the date the injury develops, but in no event later than two years from the accident date. See Mitchell v. Terrebonne Parish School Bd., 02-1021 (La.App. 1st Cir.4/2/03), 843 So.2d 531, 533, writ denied, 03-2275 (La.11/26/03), 860 So.2d 1135. This provision has been interpreted to mean that development of the injury actually means development | aof disability, and disability marks the time from which it is clear that the employee is no longer able to perform the duties of his employment in a satisfactory manner. Boudreaux v. Angelo Iafrate Const., 03-2260 (La.App. 1st Cir.2/4/05), 895 So.2d 596, 599.
In this matter, Mr. Putman’s workers’ compensation claim form stated that he had repeatedly been exposed to hazardous chemicals during his employment with Quality. In the documents attached to his claim form, Mr. Putman admitted that he had been aware, as of March 12, 2008, that Dr. Hines had indicated that his condition was “most likely” work-related. He further admitted in the attachments to his claim form that he had verbally mentioned to co-workers and friends that his illness was work-related, after confirmation from Dr. Hines.[3]
*322 Based on the claim form and the documents attached thereto,[4] it is clear that once Dr. Hines made his diagnosis and reported that diagnosis to Mr. Putman no later than March 12, 2008, Mr. Putman’s injury was considered to have “developed,” and he was aware, or should have been, that his injury or illness was purportedly work-related. Accordingly, pursuant to LSA-R.S. 23:1209(A)(3), Mr. Putman was required to file his workers’ compensation claim within one year from the date of the development of his injury, which, under the facts of this case, meant that he was required to file his claim no later than March 12, 2009. Mr. Putman’s failure to do so renders his claim prescribed on its face.
Moreover, Mr. Putman’s claim was prescribed regardless of the date his injury was considered to have developed. As noted, Mr. Putman did not file his claim until August 13, 2009, which was exactly two years from the date he claimed to have first sought treatment for his injury/illness. While LSA-R.S. 23:1209(A)(3) authorizes the filing of a claim for a “developing injury” to extend until one year from the date the ^injury or illness develops, rather than one year from the date of the accident causing the injury, this paragraph also provides that “in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
In this matter, there was no specific accident, as Mr. Putman’s injury/illness was allegedly due to repeated exposure to hazardous chemicals during the course of his employment with Quality. However, based upon the documents attached to Mr. Putman’s claim form, Mr. Putman stated that his last day of work for Quality was August 10, 2007. Therefore, this was the last day on which any “accident” could have occurred within which Mr. Putman would have been in the course and scope of his employment for Quality. Accordingly, his claim for workers’ compensation benefits, which was not filed until August 13, 2009, could not have been filed within two years of the date of the accident and was, therefore, prescribed on its face.
Although the burden of proof on an exception raising the objection of prescription ordinarily lies with the party asserting it, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. See Winford v. Conerly Corp., 04-1278 (La.3/11/05), 897 So.2d 560, 565. Mr. Putman did not provide any written response to the defendants’ exception of prescription. Furthermore, although he was given an opportunity to provide sworn testimony at the hearing on the exception, he did not provide any evidence, testimonial or otherwise, demonstrating that prescription had been interrupted or suspended in any way or that his claim had otherwise not prescribed. In fact, as his previous written documents had acknowledged, he confirmed that he had known of the work-related nature of his claim since his diagnosis by Dr. Hines. He did contend that he had filed a claim for benefits in 2008; however, as the record makes clear, that claim was for private disability benefits and not for workers’ compensation benefits. Therefore, prescription had not been interrupted or suspended by such a claim. Accordingly, we find no error in the judgment of the WCJ.
*323 | CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge, sustaining the peremptory exception pleading the objection of prescription in favor of Quality Distribution, Inc. and Zurich American Insurance Company and dismissing the workers’ compensation claims of the plaintiff, with prejudice, is affirmed. Each party is to bear its own costs of this appeal.
MOTION TO STRIKE APPELLATE BRIEF DENIED; JUDGMENT AFFIRMED.

. This application was for private disability benefits rather than for workers' compensa *320 tion benefits.

. Mr. Putman did receive certain disability benefits for his illness; however, the record makes clear that these were private disability payments and not workers' compensation payments pursuant to LSA-R.S. 23:1221.

. The attachments to the pleading also include Dr. Hines’s statement of impairment and function, dated March 12, 2008, in which Dr. Hines diagnosed Mr. Putman with hypersensitivity pneumonitis and stated that the condition was most likely work-related.

. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes. See LSA-C.C.P. art. 853.