WELCH, J.
| ¡.The plaintiff, Peggy S. Theodore, appeals a judgment of the workers’ compensation judge (“WCJ”) that sustained a peremptory exception raising the objection of prescription filed by the defendants, Iber-ville Parish School Board, and LUBA Casualty Insurance Company and dismissed her disputed claim for compensation. We affirm in compliance with Uniform Rules— Courts of Appeal, Rule 2-16.1(B).
On August 2, 2011, Ms. Theodore filed a disputed claim for compensation alleging that on August 31, 2006, she had an accident and sustained injuries while in the course and scope of her employment with the school board. In response, the defendants filed a peremptory exception raising the objection of prescription, and alternatively, a dilatory exception raising the objection of vagueness or ambiguity of the petition. Following a hearing, the WCJ sustained the objection of prescription and dismissed Ms. Theodore’s claims. A written judgment in accordance with the WCJ’s ruling was signed on November 14, 2011, and it is from this judgment that Ms. Theodore appeals.
If the facts alleged in a petition do not show that a claim has prescribed, the burden is on the party raising the objection of prescription to prove it. Conversely, if a claim is prescribed on the face of the pleadings, the burden is on the plaintiff to show that prescription has not tolled because of an interruption or suspension of prescription. Bracken v. Payne and Keller Co., Inc., 2006-0865 (La.App. 1st Cir.9/5/07), 970 So.2d 582, 587. At the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. If evidence is introduced at the hearing on the peremptory exception raising the objection of prescription, the district court’s (or WCJ’s) findings of fact are reviewed under the manifest error or clearly wrong standard of review. Oil Ins. Ltd. v. Dow Chemical Co., 2007-0418 (La.App. 1st Cir.11/2/07), 977 So.2d 18, 22, writ denied, 2007-2319 (La.2/22/08), 976 So.2d 1284; see also Stobart v. State, through Dept. of Transp. and Development, 617 So.2d 880, 882-83 (La.1993).
Louisiana Revised Statutes 23:1209 addresses the prescriptive period for workers’ compensation claims. At all pertinent times herein, La. R.S. 23:1209(A) provided that claims are barred unless filed within: (1) one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops if not immediately manifested, but, in any event, no more than two years after the accident.[1] Additionally, La. R.S. 23:1209(C) provided that a claim for medical benefits prescribes one year *272 from the date of the accident unless payments have been agreed upon, or unless a claim is filed within one year of the accident. Where payments have been made, the claim prescribes three years from the date of the last payment of medical benefits. Hudson v. East Baton Rouge Parish School Bd., 2002-0987 (La.App. 1st Cir.3/28/03), 844 So.2d 282, 286.
As previously noted, Ms. Theodore’s disputed claim for compensation alleged an accident date of August 31, 2006. At the hearing, the defendants offered evidence establishing that the last payment of medical benefits on behalf of Ms. Theodore was made on February 21, 2007, and that its last payment of indemnity benefits to Ms. Theodore was on April 14, 2008. Ms. Theodore filed her disputed claim for compensation more than three years later on August 2, 2011, and at the hearing, Ms. Theodore offered no evidence establishing that prescription had been interrupted or suspended. Accordingly, we find no manifest error in the WCJ’s determination that Ms. Theodore’s claims were prescribed and affirm the |4November 14, 2011 judgment. All costs of this appeal are assessed to the plaintiff/appellant, Peggy S. Theodore.
AFFIRMED.

. We recognize that La. R.S. 23:1209(A) was recently amended by 2012 La. Acts, No. 783, § 1.