THERIOT, J.,
dissents with reasons.
hit is undisputed that Winn Dixie and Sedgwick filed its claim pursuant to the procedures established by Title 23 of the Louisiana Revised Statutes. The issue is the application of La. R.S. 23:1209. I respectfully disagree with the majority that La. R.S. 23:1209(C) is applicable in the instant matter.
Louisiana Revised Statutes 23:1209 addresses the prescriptive period for workers’ compensation claims. Theodore v. Iberville Parish School Board, 12-0746, p. 3 (La.App. 1 Cir. 1/8/13), 112 So.3d 270, 271. La. R.S. 23:1209(A) provides that claims are barred unless filed within: (1) one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops if not immediately manifested, but, in any event, no more than two years after the accident.[1] Id. La. R.S. 23:1209(0 provides that a claim for medical benefits prescribes one year from the date of the accident unless payments have been | ^agreed upon, or unless a claim is filed within one year of the accident. Where payments have been made, the claim prescribes three years from the date of the last payment of medical benefits. Id. at 271-72.
The legislative purpose of 23:1209 is three-fold: (1) to enable the employer to determine when his potential liability for an accident will cease; (2) to prevent as a matter of public policy suits based on stale claims where the evidence might be destroyed or difficult to produce; (3) to fix a statute of repose giving rise to a conclusive presumption of waiver of claim on part of the employee where he fails to bring suit within the fixed period. Nini v. Sanford Bros., Inc., 258 So.2d 647, 651 (La.App. 1 Cir.1972), affirmed, 276 So.2d 262 (La.1973). In other words, the purpose of the prescriptive period is to protect employers from the burdensome litigation of workers’ compensation claims. Jackson v. Domtar Industries, Inc., 98-1335 (La.App. 3 Cir. 4/7/99), 732 So.2d 733, writ denied, 99-1369 (La.7/2/99), 747 So.2d 21.
The legislative intent of La. R.S. 1209 does not fit the facts and issue of the instant case. Winn-Dixie and Sedgwick are not seeking protection from a claim; they are actually seeking to file a claim of their own, not against an employer, but *807 against a medical care provider. Essentially, Physicians is attempting to use Winn-Dixie’s and Sedgwick’s statutory protections as its own; however, La.R.S. 23:1209 was not intended to protect medical care providers from stale claims. It is designed to protect employers from stale claims.
There is no specific prescriptive period provided by statute that governs an employer’s overpayment for medical services to a medical care provider. Louisiana Civil Code article 3494 provides examples of actions that fall under a three-year prescriptive period, some of which may appear similar to the instant case, but they are not the same. Art. 3494(1) deals with |3the recovery of compensation for services rendered, but neither Winn-Dixie nor Sedg-wick provided services to Physicians. Art. 3494(4) deals with suits on open account, but again, it was Physicians, not Winn-Dixie or Sedgwick, who had an open account, and Winn-Dixie and Sedgwick had an obligation to pay Physicians for the services rendered. Art. 3494(5) deals with actions for overpayment, but they are actions for overpayment specifically of royalties from mineral production.
What Winn-Dixie and Sedgwick are essentially claiming is that they satisfied their obligation to Physicians, but paid more than what they were obligated to pay, and are now seeking to recover the overpayment. Their claim has nothing to do with medical benefits as contemplated by 23:1209(C); the medical benefits have been paid. Winn-Dixie and Sedgwick are seeking to recover overpayments. The overpayments would be an unnecessary expense incurred by Winn-Dixie and Sedgwick, and the recovery of an expense has been ruled as subject to the ten-year prescriptive period of La. C.C. art. 3499. See Pnce v. Stranco, Inc., 03-1762, p. 5 (La.App. 1 Cir. 9/8/04), 887 So.2d 82, 85, writ denied, 04-2485 (La.12/17/04), 888 So.2d 867.
Statutes providing for prescriptive periods are to be strictly construed in favor of maintaining a cause of action. David v. Our Lady of the Lake Hosp., Inc., 02-2675, p. 12 (La.7/2/03), 849 So.2d 38, 47. After giving a strict reading to La. R.S. 23:1209, alongside jurisprudence regarding its legislative intent, it is my opinion that La. R.S. 23:1209 does not apply to the instant case where an employer and workers’ compensation administrator seek to recover funds they believe were in excess of the amount they were obligated to pay to the medical care provider. The Civil Code provides “catch-all” statutes for liberative prescription of various actions, and after Previewing those articles, it is my opinion that La. C.C. art. 3499 provides the applicable prescriptive period for the instant case.

. I recognize that La. R.S. 23:1209(A) was recently amended by 2012 La. Acts, No. 783, § 1.