CRAIN, J.
*300 In this workers' compensation proceeding, Benny Hernandez appeals a judgment sustaining a peremptory exception of prescription and dismissing his claims against CF Industries Nitrogen, LLC. We affirm.
On September 16, 2014, Hernandez was injured while working at a plant in Donaldsonville. Hernandez, represented by counsel, filed a disputed claim for compensation against his employer, ASAP Employment Services, Inc., and ASAP's insurer, Louisiana Construction and Industry Self Insurers Fund ("LCI"). The parties negotiated a settlement, which was approved by the workers' compensation judge (WCJ), and Hernandez's claim was dismissed with prejudice on May 16, 2016.
Four months later, on September 15, 2016, Hernandez, appearing in proper person, filed another disputed claim for compensation based on the same accident, again naming ASAP and LCI as defendants, but also adding several new parties, including CF Industries. CF Industries responded with a peremptory exception of prescription, which, following a hearing, was granted. In a judgment signed on June 16, 2017, Hernandez's claims against CF Industries were dismissed with prejudice. Hernandez appeals.
A claim for workers' compensation indemnity benefits prescribes one year from the date of the accident or, if benefits have been paid, one year from the last payment or, for a claim for supplemental earnings benefits, three years from the last payment. See La. R.S. 23:1209A; Putman v. Quality Distribution, Inc. , 11-0306 (La. App. 1 Cir. 9/30/11), 77 So.3d 318, 321.[1] A claim for medical benefits prescribes one year after the accident or, if such payments have been made, three years from the date of the last payment. See La. R.S. 23:1209C. Prescription is interrupted by filing a formal claim with the office of workers' compensation. See La. R.S. 23:1209A(1) and B.
Hernandez's claim against CF Industries was filed about two years after the accident and does not allege the payment of any benefits. The claim is thus prescribed on its face. When a workers' compensation claim is prescribed on its face, the claimant bears the burden of showing prescription was suspended or interrupted in some manner. Borja v. FARA , 16-0055 (La. 10/19/16), 218 So.3d 1, 11. When, as here, evidence is received at the hearing on the exception, the appellate court reviews the WCJ's factual findings under the manifest error-clearly wrong standard of review. Theodore v. Iberville Parish School Board , 12-0746 (La. App. 1 Cir. 1/8/13), 112 So.3d 270, 271.
The evidence introduced at the hearing by Hernandez is limited to three exhibits: a radiology report for a chest x-ray *301 taken shortly after the accident, a memorandum filed by Hernandez in opposition to the exception of prescription, and a letter from Hernandez's attorney in the original proceeding summarizing a mediation conducted in that proceeding. None of this evidence establishes an interruption or suspension of the prescriptive period applicable to Hernandez's claim against CF Industries. Having failed to satisfy his burden of proof, Hernandez's claim against CF Industries is prescribed. See La. R.S. 23:1209A(1); Gomez v. Our Lady of the Lake Regional Medical Center , 05-1916 (La. App. 1 Cir. 9/15/06), 943 So.2d 499, 499 ; Ward v. McDermott , 04-1189 (La. App. 1 Cir. 6/10/05), 916 So.2d 246, 250.[2] The WCJ did not err in sustaining the exception of prescription and dismissing Hernandez's claims against CF Industries with prejudice. This memorandum opinion is issued in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.1B. Costs of this appeal are assessed to Benny Hernandez.
AFFIRMED.
Guidry, J, Dissents and assigns reasons.
Pettigrew, J. dissents

Certain exceptions, not applicable herein, apply to injuries that do not immediately manifest after the accident. See La. R.S. 23:1209A(3)-(4).

We note the record contains references to a tort suit filed by Hernandez against CF Industries apparently based on the same accident. Although a timely-filed tort suit may, in some instances, interrupt prescription for a workers' compensation claim arising out of the same circumstances, the record contains no evidence of the filing date for the tort claim against CF Industries. Instead, the record contains only a copy of a petition filed against an unrelated party who was later dismissed from that proceeding. The record does not reveal when CF Industries was added as a party to that suit. Hernandez thus failed to prove he timely filed a tort suit against CF Industries that interrupted prescription for his workers' compensation claim. Compare Isaac v. Lathan , 01-2639 (La. App. 1 Cir. 11/8/02), 836 So.2d 191, 195.