CRAIN, J.
In this workers' compensation proceeding, Benny Hernandez appeals a judgment sustaining peremptory exceptions of prescription and res judicata , and dismissing his claims against Xcel Erectors, Inc. with prejudice. We affirm.
On September 16, 2014, Hernandez was injured while working at a plant in Donaldsonville, Louisiana. Hernandez, represented by counsel, filed a disputed claim for compensation against his employer, ASAP Employment Services, Inc., and ASAP's insurer, Louisiana Construction and Industry Self Insurers Fund ("LCI"). The parties negotiated a settlement, which was approved by the workers' compensation judge (WCJ), and Hernandez's claim was dismissed with prejudice on May 16, 2016.
Four months later, on September 15, 2016, Hernandez, appearing in proper person, filed another disputed claim for compensation *366 based on the same accident, again naming ASAP and LCI as defendants. In an amendment filed on December 5, 2016, Hernandez included a claim against Xcel. Xcel responded with peremptory exceptions of prescription and res judicata , which, following a hearing, were sustained. In a judgment signed on August 7, 2017, Hernandez's claims against Xcel were dismissed with prejudice. Hernandez appeals.
A claim for workers' compensation indemnity benefits prescribes one year from the date of the accident or, if benefits have been paid, one year from the last payment or, for a claim for supplemental earnings benefits, three years from the last payment. See La. R.S. 23:1209A; Putman v. Quality Distribution, Inc., 11-0306 (La. App. 1 Cir. 9/30/11), 77 So.3d 318, 321.[1] A claim for medical benefits prescribes one year after the accident or, if such payments have been made, three years from the date of the last payment. See La. R.S. 23:1209C. Prescription is interrupted by filing a formal claim with the office of workers' compensation. See La. R.S. 23:1209A(1) and B.
Hernandez's claim against Xcel was filed more than two years after the accident and does not allege the payment of any benefits. The claim is thus prescribed on its face. When a workers' compensation claim is prescribed on its face, the claimant bears the burden of showing prescription was suspended or interrupted in some manner. Borja v. FARA, 16-0055 (La. 10/19/16), 218 So.3d 1, 11. When, as here, evidence is received at the hearing on the exception, the appellate court reviews the WCJ's factual findings under the manifest error-clearly wrong standard of review. Theodore v. Iberville Parish School Board, 12-0746 (La. App. 1 Cir. 1/8/13), 112 So.3d 270, 271.
Hernandez introduced the following exhibits at the hearing: a page from an accident report issued on the day of the accident, September 16, 2014; a radiology report for a chest x-ray taken on September 18, 2014; a "Return to Work" form signed on September 22, 2014; a client contract with his attorney in the original proceeding dated May 1, 2015; a memorandum filed by Hernandez in opposition to the exception of prescription; and a letter from Hernandez's previous attorney summarizing a mediation conducted in the original proceeding. Additionally, Hernandez testified that Xcel paid one of his medical bills after the accident; however, he later acknowledged he did not know who paid the bill and was unable to obtain any records confirming such a payment.
The WCJ was not manifestly erroneous in finding Hernandez failed to prove an interruption or suspension of the prescriptive period applicable to his claim against Xcel. Hernandez's claim against Xcel is thus prescribed and was properly dismissed with prejudice. See La. R.S. 23:1209A(1); Gomez v. Our Lady of the Lake Regional Medical Center, 05-1916 (La. App. 1 Cir. 9/15/06), 943 So.2d 499 ; Ward v. McDermott, 04-1189 (La. App. 1 Cir. 6/10/05), 916 So.2d 246, 250.[2] In light of this finding, we pretermit consideration of the alternative exception of res judicata. This memorandum opinion is issued in accordance *367 with Uniform Rules-Courts of Appeal, Rule 2-16.1B. Costs of this appeal are assessed to Benny Hernandez.
AFFIRMED.
Guidry, J., Dissents and assigns reasons.
Pettigrew, J., dissents

Certain exceptions, not applicable herein, apply to injuries that do not immediately manifest after the accident. See La. R.S. 23:1209A(3)-(4).

We note the suit record contains references to a tort suit filed by Hernandez against Xcel apparently based on the same accident. Although a timely-filed tort suit may, in some instances, interrupt prescription for a workers' compensation claim arising out of the same circumstances, the record contains no evidence of the filing date for the tort claim against Xcel. Instead, the record contains only a copy of a petition filed against an unrelated party who was later dismissed from that proceeding. The record does not reveal when Xcel was added as a party to that suit. Hernandez thus failed to prove he timely filed a tort suit against Xcel that interrupted prescription for his workers' compensation claim. Compare Isaac v. Lathan, 01-2639 (La. App. 1 Cir. 11/8/02), 836 So.2d 191, 195.